(No. 21708.—

THE PEOPLE *ex rel.* Oscar E. Carlstrom *et al.* Petitioners, *vs.* EDWARD D. SHURTLEFF, Circuit Judge, Respondent.

*Opinion filed December 22, 1933—Rehearing denied Feb. 14, 1934.*

ORR, C. J., specially concurring.

OSCAR E. CARLSTROM, JOHN A. SWANSON, State's Attorney, and EUCLID L. TAYLOR, (MERRILL F. WEHMHOFF, JOHN P. MADDEN, and J. J. NEIGER, of counsel,) for petitioners.

EDWARD D. SHURTLEFF, *pro se*, (DAVID R. JOSLYN, SR., and WILLIAM W. SMITH, of counsel,) for respondent.

Mr. JUSTICE FARTHING delivered the opinion of the court:

This was an original proceeding in *mandamus*. By leave of court a petition was filed in the name of the People, upon the relation of the Attorney General and the State's

attorney of Cook county, for a writ of *mandamus* commanding the respondent, Edward D. Shurtleff, judge of the circuit court of McHenry county, to expunge from the records of that court an order entered by him on July 16, 1932, releasing and discharging James Sammons from the penitentiary at Joliet. This order was entered by the respondent pursuant to a petition for the writ of *habeas corpus* filed in the McHenry county circuit court on June 24, 1932. The respondent filed an answer in the *mandamus* proceeding, to which a replication was filed. The parties have filed their briefs and arguments and have submitted the cause on the questions of law raised by the pleadings.

By the verdict of a jury in the criminal court of Cook county on February 8, 1904, James Sammons was found guilty of robbery while armed with a deadly weapon, with intent to kill or maim if resisted. He was sentenced by the court to serve an indeterminate term of from one year to life in the penitentiary for that crime, on February 13, 1904. On February 25, 1904, in the same court, a jury found Sammons guilty of murder and fixed his punishment at death. Judgment was entered on this verdict, but the Governor commuted the death sentence to life imprisonment in the penitentiary. On June 18, 1904, Sammons was imprisoned in the penitentiary on the Governor's order of commutation of the sentence for murder and also on the *mittimus* issued upon his conviction of the aggravated crime of robbery. On June 20, 1923, by a further order, the Governor commuted the punishment upon the conviction for murder from life imprisonment to a term of fifty years. On July 23, 1923, the division of pardons and paroles of the Department of Public Welfare entered an order for the temporary and conditional parole of Sammons from the penitentiary, and on January 28, 1926, ordered his final discharge "for and on account of his conviction" of murder, by and with the consent of the Governor. Neither of these orders made any mention of the

robbery charge. Sammons was given his liberty. On November 26, 1930, an order was entered by the division of pardons and paroles vacating and expunging from its records its order of July 23, 1923, granting Sammons a temporary and conditional parole and also its order of January 28, 1926, granting him a final discharge. By the order of November 26, 1930, the warden of the penitentiary was directed to issue a warrant for Sammons' arrest and return to the penitentiary. Such warrant was issued and served, and Sammons on November 27, 1930, was returned to the penitentiary.

Leave was granted and an original petition for the writ of *habeas corpus* was filed in this court at the February term, 1931, on behalf of Sammons. The writ issued, directed to the warden and general superintendent of the penitentiary. A return to the writ and an answer and traverse to the return were filed and the cause was submitted to this court for decision. We held that the sentence of Sammons for aggravated robbery was governed by the provision of the Parole act then in effect; that its duration was for the maximum term of imprisonment, viz., a life sentence, and that there had been no action by exercise of the executive power paroling, releasing or discharging Sammons from that sentence. A rehearing was denied in that case on October 8, 1931, and Sammons was remanded to the penitentiary. Reference is made to the opinion in that case (*People* v. *Hill,* 345 Ill. 103,) for a more detailed statement of the facts leading up to the filing of the petition for a writ of *habeas corpus* in this court. As stated at the outset, on June 24, 1932, a petition for writ of *habeas corpus* was filed on behalf of Sammons in the circuit court of McHenry county. The writ was issued directed to the warden and deputy warden of the Illinois State Penitentiary at Joliet. The respondents filed their return to the writ, in which they set forth, among other things, the proceedings and judgment of this court

in the *Hill case.* It was stated in the return that Sammons was held and imprisoned by virtue of his conviction for robbery and the *mittimus* issued on that conviction and by virtue of the Governor's order of commutation reducing the term of imprisonment of Sammons on his conviction for murder to fifty years. It was alleged in the return that the decision of this court in the *Hill case* was conclusive of the question of Sammons' right to be discharged from the penitentiary, and that the circuit court had no jurisdiction and should quash the writ of *habeas corpus.* An answer and traverse were filed to the return and a demurrer was filed to the answer and traverse. A hearing was had before the respondent in this case at which evidence was taken, and after the hearing respondent overruled the demurrer to the answer and traverse and ordered that Sammons be discharged and released from imprisonment.

Attached to the petition for writ of *mandamus* filed in this court are copies of the petition, return, answer and traverse and of a bill of exceptions in the *habeas corpus* case before the respondent. It is alleged in the *mandamus* petition that the respondent did not have jurisdiction in the *habeas corpus* case, and that the order that Sammons be discharged and released from imprisonment is void. The prayer of the petition is for a writ of *mandamus* commanding respondent to expunge the order of discharge from the records of the circuit court of McHenry county.

The relators contend that the respondent was bound by the decision of this court in *People* v. *Hill, supra.* In addition they say that the Parole act does not apply to a prisoner who is in custody under a commutation of a death sentence issued by the Governor and that no action ever was taken by the board of pardons and paroles as to the sentence for robbery. They ask that we hold that the Parole act only applies to a prisoner who has either entered a plea of guilty or been convicted and committed by a judgment of a court. They insist that for both reasons

the respondent was without jurisdiction, and therefore his order discharging Sammons was void and should be expunged.

The respondent insists that he was not bound by the decision of this court in the *Hill case,* because circuit courts have concurrent jurisdiction with this court in *habeas corpus* proceedings; that until the prisoner in custody obtains an order of discharge, successive petitions for the writ of *habeas corpus* may be filed so long as he can find a court or judge to whom he may present his petition; that on the issues made before him in the *habeas corpus* case questions not decided by this court in the previous *habeas corpus* proceedings were presented for decision; that he had facts presented to him which had not been presented to this court which showed that Sammons was entitled to his discharge; and lastly, that the Parole act governs the case of prisoners committed either upon a plea of guilty or a judgment of conviction and an order of commitment by a court, or by commutation of sentence by the Governor.

A review of the precedents established in cases where it was sought by the writ of *mandamus* to expunge orders of discharge in *habeas corpus* proceedings and those cases where a review was sought through the exercise of appellate jurisdiction shows that the following rules are well established in the law of this State:

*Mandamus* is the proper remedy to expunge void orders entered in *habeas corpus* proceedings where the court which entered such an order did so without jurisdiction. *People* v. *Wells,* 255 Ill. 450; *People* v. *Petit,* 266 id. 628; *People* v. *Smith,* 275 id. 210; *Swager* v. *Gillham,* 278 id. 295; *People* v. *LaBuy,* 305 id. 11; *People* v. *Shurtleff,* 353 id. 248; *People* v. *Kelly,* 352 id. 567.

The writ of *mandamus* is not a writ of right. *People* v. *Ketchum,* 72 Ill. 212; *People* v. *Adams County,* 185 id. 288; *People* v. *City of Rock Island,* 215 id. 488; *Michigan-Grand Building Corp.* v. *Barrett,* 350 id. 291.

This remedy cannot and does not apply to an order in *habeas corpus* proceedings except where the court's order is void for want of jurisdiction. *Eisen* v. *Zimmer,* 254 Ill. 43; *People* v. *Petit, supra; People* v. *Smith, supra; Swager* v. *Gillham, supra; People* v. *Shurtleff, supra.*

*Mandamus* proceedings cannot be made to perform the office of a writ of error or of *certiorari* or an appeal. *Eisen* v. *Zimmer, supra; People* v. *Petit, supra; People* v. *Smith, supra; People* v. *LaBuy, supra; People* v. *Holmes,* 312 Ill. 284; *People* v. *Shurtleff, supra.*

Except in cases involving the custody of children, which are held to be private suits, in which the order determining the custody of the child or children is held to be a final order and therefore reviewable (*Cormack* v. *Marshall,* 211 Ill. 519,) and binding upon the parties so long as the same facts and conditions exist as existed at the time of the hearing and order in the *habeas corpus* proceedings, and in cases under the Habeas Corpus act, (Smith's Stat. 1933, sec. 24, p. 1576,) where the court by its order in the original *habeas corpus* proceeding has found that the person seeking his liberty is charged with an offense which is not bailable, the order of the court in a *habeas corpus* proceeding denying the person in custody his liberty is not a bar to any successive petition for *habeas corpus.* (*People* v. *McAnally,* 221 Ill. 66; *People* v. *Siman,* 284 id. 28.) This court has power to review *habeas corpus* proceedings by *certiorari* in aid of its appellate jurisdiction. *People* v. *Superior Court,* 234 Ill. 186.

The question as to whether the decision of a superior or circuit court is right or wrong cannot be considered, because that does not affect the jurisdiction of the court to enter the order. But this does not preclude this court from examining the proceedings in a *habeas corpus* case by a *mandamus* proceeding in order to determine the jurisdiction or want of jurisdiction of the court to enter the order therein. The only question for consideration in a

proceeding by *mandamus* to expunge an order of a court entered by it in a *habeas corpus* proceeding is whether or not that court had jurisdiction and power to enter the order. *People* v. *Zimmer* 252 Ill. 9; *People* v. *Strassheim*, 242 id. 359; *People* v. *Superior Court, supra; People* v. *Murphy*, 212 Ill. 584; *People* v. *Jonas*, 173 id. 316; *People* v. *Williams*, 330 id. 150; *People* v. *Williams*, 334 id. 241; *People* v. *Kelly, supra.*

It is now generally conceded that in order to render immune from attack a judgment discharging a prisoner on *habeas corpus* the court must have had not only jurisdiction of the subject matter and of the person of the defendant, but also authority to render the particular judgment entered. (*People* v. *Siman, supra; People* v. *Circuit Court*, 347 Ill. 34; *People* v. *Kelly, supra.*) In this connection we quote from *People* v. *Eller*, 323 Ill. 28, at p. 31: "In *People* v. *Zimmer*, 252 Ill. 9, this court said: 'The writ of *habeas corpus* is a high prerogative writ and when properly issued supersedes all other writs, and by reason of that fact it should be confined to its legitimate office, otherwise an ignorant, reckless or partisan judge by usurpation may through the writ work a great wrong to society and the State by discharging offenders who have been lawfully convicted and sentenced to imprisonment by other courts while legally exercising co-ordinate jurisdiction with the court granting such discharge.' "

The primary question in this case is the existence or non-existence of jurisdiction in the respondent to enter the order discharging Sammons. Jurisdiction of a tribunal does not depend upon actual facts alleged but upon authority to determine the existence or non-existence of such facts and to render judgment according to its finding. (*People* v. *Superior Court, supra.*) If it develops in the course of a proceeding that the court does not have jurisdiction in the particular case, any order except one dismissing the proceeding is void.

In *Way* v. *Way,* 64 Ill. 406, we said: "It is contended that the objection to the jurisdiction should have been taken before the trial on the merits. This could not have been done, for the bill alleged all the facts necessary to confer jurisdiction. The question of jurisdiction, then, became one of fact, to be determined upon the hearing. It might, perhaps, have been presented by motion after the evidence was heard, but it was raised by an instruction asked and refused. When the want of jurisdiction clearly appeared during the progress of the trial, it was the right and duty of the court, under the pleadings, to have dismissed the bill." The doctrine of the *Way case* is approved in *Becklenberg* v. *Becklenberg,* 232 Ill. 120. Whenever the want of jurisdiction becomes apparent the proceedings of the court thereafter are absolute nullities, except, perhaps, so far as they may under some circumstances be resorted to as a protection to an officer executing its process. (*Kenney* v. *Greer,* 13 Ill. 432.) In *Schumacher* v. *Klitzing,* 353 Ill. 530, want of a necessary party was held sufficient ground for dismissing a bill although the want of parties was not raised either in the trial court or the Appellate Court.

In numerous local improvement proceedings this court has held that where upon the hearing of objections it developed that the ordinance was void the objection on that ground should be sustained. (*Gage* v. *City of Chicago,* 143 Ill. 157.) In those cases the court could do nothing but dismiss the proceeding. The court has also held that upon an application for judgment and order of sale for delinquent special assessments in a proceeding in which the ordinance was void and such invalidity appeared on the face of the proceeding, the judgment must be denied for want of jurisdiction to confirm the assessment roll. Thus even a collateral attack is permitted in such case. We said in *Walker* v. *People,* 202 Ill. 34, on page 38: "Where an ordinance upon its face shows that it is unau-

thorized by the statute or fails to show an attempt to comply with some positive requirement of the statute, advantage may be taken of such defect upon an application for judgment of sale, because in such cases the ordinance is absolutely void, and a valid ordinance being essential to the validity of every special assessment for a local improvement, the county court is without jurisdiction to confirm the assessment.—*Culver* v. *People,* 161 Ill. 89; *Cass* v. *People,* 166 id. 126; *Walker* v. *People,* 169 id. 473; *Hull* v. *People,* 170 id. 246; *Gross* v. *People,* 172 id. 571." In *Boals* v. *Bachmann,* 201 Ill. 340, we held that the invalidity of an ordinance creating a special improvement and levying a special tax to pay the cost thereof could be attacked by a bill in equity to enjoin the issuance of a tax deed based upon a sale for such special tax where it appeared on the face of the proceeding that the ordinance was void. For that reason the county court was without jurisdiction to enter judgment and order of sale for an invalid tax.

Under the statute the court has jurisdiction in a *habeas corpus* proceeding only where the original judgment of conviction was void or where something has happened since its rendition to entitle the prisoner to his release. Unquestionably, the circuit court of McHenry county had jurisdiction to determine either question, but it would be without jurisdiction in a consideration of a petition under the first premise above to declare a judgment of conviction void if the record itself shows its validity clearly and beyond the realm of dispute, (*People* v. *Kelly, supra,*) and although the court had jurisdiction in the first instance to entertain the application for the writ, it follows that the rule is subject to the limitation that if in a particular proceeding it appears at any time that the court did not have jurisdiction, no order but one dismissing the petition can be entered. In this case the respondent held that the parole and discharge granted Sammons were intended to release him from the burden of separate sentences for murder and

robbery. The records of the parole board showed the contrary. Where the law requires a public record of proceedings to be kept, as it does on the part of the parole board, such record cannot be contradicted, added to or supplemented by parol evidence. (*City of Belleville* v. *Miller,* 257 Ill. 244; *O'Connell* v. *Chicago Terminal Railroad Co.* 184 id. 308.) The record was so clear and unambiguous that there was no room for construction or the admission of evidence to explain it. The record as made by the board shows on its face that Sammons was discharged from the murder sentence *alone.*

A finding by a court that it has jurisdiction in a case is always overcome when the finding is irreconcilable with the facts disclosed by the record. In such a case the record impeaches itself, as it did in the case of *People* v. *Kelly, supra.* It has never been held where the record itself shows that the evidence of jurisdiction upon which the court acted was insufficient, that its finding in favor of jurisdiction was conclusive. (*Senichka* v. *Lowe,* 74 Ill. 274.) It would be absurd to say that such finding was conclusive when the very record shows that the finding itself was void for want of jurisdiction. (*Goudy* v. *Hall,* 30 Ill. 109.) The return in this case and the answer and traverse showed a lack of jurisdiction. According to an unbroken line of authorities the respondent was rendered powerless to proceed further except to dismiss the petition, and the order of discharge was null and void. Respondent was without jurisdiction to enter the order of discharge.

The writ of *mandamus* is awarded as prayed.

*Writ awarded.*

Mr. CHIEF JUSTICE ORR, specially concurring:

I concur in the result reached in the foregoing opinion but cannot concur in much of its reasoning. The same result could have been obtained by appeal or writ of error without doing violence to well established precedent. Our

court has repeatedly held that *mandamus* does not lie·when the trial court has jurisdiction of the person and subject matter, and the conclusion of a trial court that it has jurisdiction to enter the disputed order is subject to review only on appeal or writ of error. (*People* v. *Ehler*, 353 Ill. 595.) *Mandamus* cannot be issued to control judicial discretion or to review the action of a tribunal in any matter involving the examination of evidence and the decision of questions of law and fact. (*People* v. *Holmes*, 312 Ill. 284.) It does not lie to direct or modify the exercise of judicial discretion by a trial court which possesses jurisdiction of the subject matter and parties. (*People* v. *Sullivan*, 339 Ill. 146.) Where a court has jurisdiction of the original proceedings and of the parties its judgment is not void, and whether it was right or wrong cannot be inquired into by *mandamus*. (*Swager* v. *Gillham*, 278 Ill. 295; *People* v. *Petit*, 266 id. 628; *People* v. *Righeimer*, 306 id. 308; *Eisen* v. *Zimmer*, 254 id. 43; *People* v. *Hill*, 344 id. 246.) *Mandamus* is a proper remedy to compel the expunging of an order made by a court or a judge without jurisdiction, but the writ cannot be used as a means of reviewing the order of a judge in a matter he had jurisdiction of. (*People* v. *Smith*, 275 Ill. 210.) In *People* v. *Shurtleff*, 353 Ill. 248, the court recently decided the same point in the following language: "The jurisdiction does not depend upon the sufficiency of the bill. If the court has jurisdiction of the subject matter—that is, the power to render a decree in the class of cases to which the particular case in question belongs—and of the parties, nothing further is required. The cause of action may be defectively stated in the bill, but that will not destroy jurisdiction. Jurisdiction of the subject matter does not mean, simply, jurisdiction of the particular case before the court, but jurisdiction of the class of cases to which the particular case belongs. Jurisdiction does not depend upon the rightfulness of the decision. It is not lost because of an erroneous

decision, however erroneous that decision may be.—*O'Brien* v. *People,* 216 Ill. 354; *Franklin Union* v. *People,* 220 id. 355."

The unbroken line of authorities is to the effect that in all matters requiring the exercise of official judgment, resting in the discretion of the court or person to whom a duty is confided by law, *mandamus* will not lie either to control the exercise of that jurisdiction or to determine the decision which shall be finally given. (*City of Ottawa* v. *People,* 48 Ill. 233; *Board of School Inspectors* v. *People,* 20 id. 526; *People* v. *Hilliard,* 29 id. 413; *St. Clair County* v. *People,* 85 id. 396; *People* v. *Garnett,* 130 id. 340; *People* v. *Webb,* 256 id. 364; *People* v. *Russel,* 294 id. 283.) The writ of *mandamus* cannot be used as a substitute for an appeal or writ of error nor to correct alleged judicial error. *People* v. *LaBuy,* 305 Ill. 11.