(No. 22527.—

THE PEOPLE *ex rel.* Thomas J. Courtney, State's Attorney, Petitioner, *vs.* CLYDE H. THOMPSON, Judge, Respondent.

*Opinion filed October 24, 1934.*

82

OTTO KERNER, Attorney General, THOMAS J. COURT-
NEY, State's Attorney, and J. J. NEIGER, (EDWARD E.
WILSON, J. ALBERT WOLL, HENRY E. SEYFARTH, JAMES
V. CUNNINGHAM, and WALTER L. McCOY, of counsel,)
for petitioner.

HAL M. STONE, and BRANSON WRIGHT, for respondent.

Mr. JUSTICE FARTHING delivered the opinion of the
court:

An original petition for a writ of *mandamus* was filed
by leave of this court in the name of the People, on re-
lation of the Attorney General and the State's attorney
of Cook county. A writ is sought commanding Clyde H.
Thompson, one of the judges of the circuit court of the
eleventh judicial circuit, to expunge from the records of
the circuit court of Livingston county an order entered
in a *habeas corpus* proceeding discharging Spencer Brown
from the custody of the warden of the penitentiary at
Joliet.

The petition alleges that Brown was indicted, tried and
convicted in the criminal court of Cook county of receiving

stolen property of the value of $24,500 for his own gain and to prevent the owner from again possessing the same. It also alleges that he obtained various stays of *mittimus* until he was granted a *supersedeas* by this court more than a year after his conviction; that during the stays of *mittimus* he was at large on bail for most of the time; that while he was at liberty he was indicted, tried and convicted by the Federal court for the Northern District of Illinois for the crime of erasing the cancellation on certain war savings stamps and possessing them for the purpose of using them again; that he was sentenced to the Federal penitentiary at Fort Leavenworth, Kansas, for a term of eight years, and that he served no part of his State prison sentence before he was imprisoned on the Federal charge. After his sentence on the Federal charge his conviction on the charge of receiving stolen property was affirmed by this court in *People* v. *Brown,* 321 Ill. 624. The petition further alleges that when Brown became a Federal prisoner the *mittimus* from the criminal court of Cook county was lodged against him with the United States marshal in order that he might be again apprehended when he was discharged from the Federal prison. On August 4, 1932, after he had served his sentence in the Federal prison, he was arrested by the sheriff of Cook county. He then sued out a writ of *habeas corpus* in the criminal court, but his petition was dismissed and he was remanded to the custody of the sheriff, who later delivered him to the warden of the penitentiary at Joliet in accordance with his original sentence. He remained in custody, until he filed a petition for *habeas corpus* on January 17, 1934, in the circuit court of Livingston county. The petition for *habeas corpus* contains the claim that he was entitled to release because of the delay on the part of the sheriff of Cook county in delivering him to the warden of the Joliet prison. In it it is said that he was in the custody of the sheriff when the judgment and sentence were entered; that the punish-

ment for his crime was one to ten years. in the penitentiary; that if he had been promptly committed his term would long since have expired if good time were considered, but that the sheriff turned him over to the Federal officers without any authority of law. He set up as a further ground for his discharge from the custody of the warden at Joliet, that after he was discharged from the Federal prison on April 12, 1932, he was arrested on August 4, 1932, in Chicago on a certified copy of the original *mittimus,* but that this copy was issued by the clerk of the criminal court without any petition being filed and without any order of court directing the clerk to issue the copy, also without notice to Brown, and that no certified copy of the judgment was issued to the sheriff upon which to make the arrest, and that the warden at Joliet then had no copy of the judgment of conviction. The *mandamus* petition also contains the return of the warden to the *habeas corpus* writ in the circuit court of Livingston county. The warden denies that the sheriff had custody of Brown after the judgment and sentence were entered against him in the criminal court but says that Brown was at all times out on bond, either on stays of *mittimus* or on a *supersedeas* from this court. The return also says that Brown was in custody of the Federal authorities, and that it was impossible for the sheriff during that time to commit him to the State prison.

The evidence produced at the hearing before the respondent is included in the *mandamus* petition. Brown testified that he was in custody of a deputy sheriff at the time he was sentenced in the criminal court, May 2, 1924, but that he was out on bond from that day until he was surrendered by the sureties on his bail bond on September 12, 1924; that he then remained in the sheriff's custody about three weeks, until a new bond was furnished; that this court granted him a *supersedeas* on May 10, 1925, but that he was denied bail, and that six weeks later he

was tried and convicted on the Federal charge and served his sentence.

The *mandamus* petition alleges that nothing appeared in the *habeas corpus* petition, and that nothing was shown in the evidence at the hearing thereon, which would give the respondent jurisdiction to enter an order discharging Brown from custody.

The respondent's answer admits that he was a duly elected, qualified and commissioned judge of the circuit court in and for the eleventh judicial circuit of Illinois; that he presided over the January, 1934, term of the circuit court of Livingston county; that a petition for *habeas corpus* was filed in that court on behalf of Brown on January 17, 1934; that the respondent caused a writ of *habeas corpus* to be issued, and that the return of the warden was filed and is correctly set out in the *mandamus* petition. The answer also admits that a hearing was had and both parties introduced evidence on January 25, 1934. He then states that after the hearing he was of the opinion Brown was entitled to be released and that he ordered his discharge. He then denies that the petition for *mandamus* shows, or purports to show, all the evidence introduced in the *habeas corpus* proceeding. He denies that the records in the prosecution in the criminal court of Cook county were brought to his attention by the petition for *habeas corpus,* the return of the warden or by the evidence produced at the hearing. The answer then says that there was no evidence that Brown was at liberty on bond during the time from the entry of judgment on his conviction until the affirmance of that judgment by this court, but that it appeared from the evidence before the respondent that Brown was in the custody of the sheriff of Cook county at the time the *mittimus* was issued, and there was no evidence before the respondent that there were any stays of *mittimus* granted by any court. He says that the only

explanation for Brown being at large was the voluntary acts of the officials of Cook county.

In his answer the respondent objects to the form of the petition. He says, first, that it avers that Brown filed a petition for *habeas corpus* in the "circuit court of the eleventh judicial *district*," but that there is no such court. The second objection is that the prayer of the petition is insufficient, since the date and place of entry of the order of discharge are not given with sufficient particularity. The third point is that the *mandamus* petition should contain a complete certified transcript of all the evidence heard by the respondent in the *habeas corpus* case; and the fourth, that Brown should have been made a party defendant in this case. The answer then sets out the facts which the respondent says he relied upon in deciding that he should enter the order discharging Brown, and says that although on August 10, 1932, an order was entered in the criminal court of Cook county directing the clerk to issue a duplicate copy of the *mittimus* of May 2, 1924, no notice of the application for this order or the hearing upon such application was given to Brown.

The respondent's contention that Brown should have been made a party defendant in this *mandamus* proceeding is not well taken. He relies upon *Powell* v. *People,* 214 Ill. 475, to sustain this contention, but we held in *People* v. *LaBuy,* 285 Ill. 141, where four cases were consolidated, each of which involved a defendant who had been convicted and sentenced, that the prisoners need not be made parties to the various petitions for writs of *mandamus* to set aside and expunge orders releasing them from custody. The holding in *People* v. *Webb,* 256 Ill. 364, announces the same principle.

There is no force in the complaint of lack of particularity, since the respondent's answer admits that he was one of the judges of the eleventh judicial circuit and that as such judge he presided at the January, 1934, term of

the circuit court of Livingston county and entered the order discharging Brown in the *habeas corpus* proceeding. The purpose of requiring the petition for *mandamus* to set out the facts is to advise the respondent what court order is involved in the *mandamus* proceeding. The respondent shows he knew precisely what order is involved. The court is correctly referred to by the respondent's answer and at various places in the petition for the writ of *mandamus,* although some of the references to it in the petition are not correct in every detail.

The respondent contends that Brown was entitled to be discharged because he had no notice of the application for an order that a new copy of the *mittimus* be issued by the clerk of the criminal court or of the hearing on such application. He relies upon the decision in *People* v. *Weinstein,* 298 Ill. 264, and the suggestions contained therein as to the mode of procedure where after a lapse of years it is sought to imprison one convicted and sentenced but who has never served any part of that sentence. That case came here on a writ of error to review the steps that had been taken. It did not involve a *habeas corpus* proceeding. In it we quoted with approval from Bishop's New Criminal Procedure, (vol. 1, sec. 1384,) in which it is pointed out that there are two methods of disposing of a re-arrested prisoner—one for the keeper merely to take and confine him during the remainder of his sentence, adding the time of his absence, and the other, to apply for an order of court re-committing the prisoner. If the facts are true which respondent represents, Brown was committed under the first of these two methods, and that imprisonment could not be made a basis for discharge in a *habeas corpus* case. In *People* v. *Circuit Court,* 354 Ill. 363, we quoted from *People* v. *Green,* 281 Ill. 52, as follows: "As a matter of fact there is no special requirement in our statute that a sheriff or other officer must be supplied with a *mittimus* after an order and judgment of conviction and

sentence to jail have been entered by the court. \* \* \* There is authority, at any rate, for the proposition that a prisoner who has been legally and properly sentenced to prison cannot be released from prison merely because of an imperfection in the warrant for commitment, and if the prisoner is safely in the proper custody there is no office for a *mittimus* to perform." At page 61 of the decision in the *Green case* we said: "It was alleged by respondents in their answer that the sheriff, respondent Evans, did not have a *mittimus* or certified copy of the judgment in his hands or in his possession at the time Robbins was committed by him to jail under said judgments, and they argue that this was a sufficient ground in the *habeas corpus* proceeding for the discharge of the prisoner. Robbins was detained by virtue of the judgments of the county court, and those judgments were sufficient authority for his detention. A *mittimus* in each of the cases was only important to the officer as a direction to him to imprison Robbins and as evidence of the authority which the judgments gave. It is not necessary to discuss the proposition whether or not it was the duty of Evans, as sheriff, to have had a *mittimus* in his possession for his direction. The judgments were sufficient authority for the imprisonment of Robbins, and he would have no right to his release from imprisonment simply because the sheriff failed to arm himself with sufficient authority or direction as to such imprisonment, even if it be conceded that the law requires a *mittimus* in such case before committing the prisoner. The imprisonment in such case could have been legalized at any time by the issuance of a *mittimus*." The respondent did not have jurisdiction or power to enter the order discharging Brown by reason of any insufficiency or defect in the *mittimus*.

The respondent next contends that although the petition purports to set out all the evidence taken before him in the *habeas corpus* hearing it is uncertain whether it does,

since it is not certified to as a bill of exceptions. We have held that *mandamus* proceedings cannot be made to perform the office of a writ of error or an appeal. (*People* v. *Shurtleff*, 355 Ill. 210; *People* v. *Shurtleff*, 353 id. 248; *People* v. *Holmes*, 312 id. 284.) We need not pass on the sufficiency of the evidence, hence we need not consider the point. All we need to consider is the sufficiency of the allegations of the petition for *habeas corpus* to authorize the respondent to enter the discharge order, admitting all those allegations to be true.

The respondent cites section 5 of the Habeas Corpus act, (Cahill's Stat. 1933, p. 1525; Smith's Stat. 1933, p. 1573;) which provides for a penalty of $1000 as a maximum in case a judge empowered to issue writs of *habeas corpus* "shall corruptly refuse to issue any such writ, when legally applied for in a case where it may lawfully issue," etc. . This section does not deal with the entry of orders discharging prisoners from custody but has to do with the issuance of the writ of *habeas corpus* when the same is applied for. The section is of no avail to the respondent to justify his order discharging Brown from custody of the warden.

The next contention of the respondent is the main ground upon which he relies to show that he had jurisdiction to hear and determine the *habeas corpus* case and authority to enter the order sought to be expunged. He contends that the only reason contained in the petition, the return of the warden and the evidence at the *habeas corpus* proceeding to explain why Brown was not imprisoned at an earlier time under the judgment of conviction in the criminal court was the voluntary action of the Cook county sheriff. The effect would be to set up the failure of a sheriff or jailor to do his duty as a ground for the discharge of a prisoner who after a delay caused by such neglect was imprisoned in accordance with the judgment of conviction and sentence. The act is defined as a "vol-

untary escape" where an officer permits a prisoner to go at large. (1 Pope's Legal Definitions, p. 471; Bouvier's Law Dict. (unabridged ed.) p. 1068.) In *People* v. *Mallary*, 195 Ill. 582, we said: "The point is made that the case is one of a voluntary escape, and that in such case the party cannot be re-taken and continued in imprisonment. We cannot hold that that doctrine has any application to criminal cases." We pointed out in that decision that the people of the whole State have an interest in the detention and punishment of those convicted of crimes, and public interest cannot be made subservient to the illegal acts of officers who have charge of convicted criminals. It is the duty of such officers to execute the sentence of the court in acordance with its final process, but their failure to perform these duties cannot create a right to discharge in the beneficiaries of their neglect or of their willful disregard of their duty as such officers.

The respondent also contends that Brown was entitled to the benefit of the rule stated in *People* v. *Graydon,* 329 Ill. 398, which is, that where a defendant is sentenced to the same place of confinement by two or more judgments of conviction the sentences run concurrently, in the absence of a provision in the judgments themselves or in the absence of a statute to the contrary. In that decision the sentences involved had been imposed by the superior court and the criminal court but the place of confinement was the same. In the case before us the courts were of two entirely different sovereignties and the two places of confinement were also entirely different. The rule relied upon cannot be made to apply to the case of a prisoner sentenced by a State court to the State penitentiary for an offense against State laws and the same prisoner sentenced to a Federal prison for an offense against the laws of the United States. Brown was therefore not entitled to be discharged on the pretense that his State prison sentence ran concurrently with his Federal sentence.

92

The respondent cannot be sustained in his contention that he had jurisdiction to entertain this *habeas corpus* petition and power and authority to enter the order of discharge. Under the statute the court has jurisdiction in a *habeas corpus* proceeding only where the original judgment of conviction was void or where something has happened since its rendition to entitle the prisoner to his release. If on the hearing of a petition for *habeas corpus* it develops that the court does not have jurisdiction in the particular case, any order except one dismissing the proceeding is void. (*People* v. *Shurtleff*, 355 Ill. 210.) If it appears from the petition and the return in the *habeas corpus* proceeding that the court which rendered the judgment had jurisdiction of the person and subject matter and nothing has happened since the rendition of that judgment which would entitle the prisoner to his release, the court to which the *habeas corpus* petition is addressed should decline, for want of jurisdiction, to discharge the prisoner, and in case of a failure to do this its order discharging the prisoner is void. (*People* v. *Green*, 281 Ill. 52.) *Mandamus* has long been held to be the proper remedy to expunge such void orders. (*People* v. *Kelly*, 352 Ill. 567.) No question is attempted to be raised as to the validity of the judgment of conviction, and none could be, since that judgment was affirmed in *People* v. *Brown*, 321 Ill. 624. Whether the respondent had called to his attention, either by the evidence, the petition or the warden's return to the writ, the stays of *mittimus* in the case against Brown is immaterial. There is nothing alleged in the petition for *habeas corpus* that happened after the judgment of conviction was rendered which entitled Brown to his liberty. The order discharging him was therefore entered without authority of law and is void for want of jurisdiction. It must therefore be expunged.

The writ of *mandamus* is awarded as prayed.

*Writ awarded.*