(No. 28770.—)

THE PEOPLE ex rel. George F. Barrett, Attorney General, Petitioner, vs. LOYD M. BRADLEY, Circuit Judge, Respondent.

*Opinion filed September 19, 1945.*

GEORGE F. BARRETT, Attorney General, for petitioner.

GORDON FRANKLIN, of Marion, for respondent.

Mr. JUSTICE MURPHY delivered the opinion of the court:

This is an original *mandamus* action instituted against Loyd M. Bradley, judge of the circuit court of the first judicial circuit. Petitioner seeks the writ to command respondent to expunge an order he entered as judge of the circuit court of Williamson county, releasing Claude Elliott from further imprisonment in the penitentiary. The record of the *habeas corpus* action, made a part of the peti-

tion herein, shows that on July 4, 1919, Claude Elliott was convicted of manslaughter and sentenced to the penitentiary. The pertinent part of the judgment order entered in the *habeas corpus* proceeding and which it is sought to expunge is as follows: "The court grants the prayer of the petition upon finding that the defendant is being illegally held upon a manslaughter sentence after serving twenty-five years of said sentence in the penitentiary, and that the same is cruel and inhuman in view of the fact that the maximum penalty for manslaughter is only fourteen years." Defendant was ordered discharged from custody upon the writ of *habeas corpus.*

The statute in force at the time of Elliott's commitment fixed the penalty for any one convicted of manslaughter at "imprisonment for his natural life or any number of years." (Hurd's Ill. Rev. Stat. 1919, chap. 38, sec. 146.) This has been construed as authorizing an indeterminate sentence, the minimum of which was one year and the maximum for life. (*People* v. *Doras,* 290 Ill. 188.) The penalty provided by the statute was read into the sentence and judgment of the court. (*People ex rel. Ewald* v. *Montgomery,* 377 Ill. 241; *People* v. *Wood,* 318 Ill. 388.

In 1927, the statute fixing the penalty for manslaughter was amended to read: "Whoever is guilty of manslaughter shall be imprisoned in the penitentiary for from one to fourteen years." Petitioner contends respondent undertook in the *habeas corpus* action to change the judgment by substituting the penalty of the 1927 act for the one imposed in 1919.

In *habeas corpus* proceedings the sole question is whether the judgment challenged was entered by a court having jurisdiction of the defendant, of the subject matter of the case, and with power to enter the order questioned. (*People ex rel. Courtney* v. *Thompson,* 358 Ill. 81; *People ex rel. Carlstrom* v. *Shurtleff,* 355 Ill. 210.) Respond-

ent recognizes this principle as well settled but urges that imprisonment of one year to life in the penitentiary for the crime of manslaughter is out of proportion to the nature of the offense. It is urged that such a penalty is in violation of section 11 of article II of the constitution, which requires that "all penalties shall be proportioned to the nature of the offense."

In *People ex rel. Bradley* v. *State Reformatory,* 148 Ill. 413, this question was raised in a *habeas corpus* action. It was said: "When the legislature has authorized a designated punishment for a specified crime, it must be regarded that its action represents the general moral ideas of the people, and the courts will not hold the punishment so authorized as either cruel and unusual, or not proportioned to the nature of the offense, unless it is a cruel or degrading punishment not known to the common law, or is a degrading punishment which had become obsolete in the State prior to the adoption of its constitution, or is so wholly disproportioned to the offense committed as to shock the moral sense of the community." The same contention was rejected in *People* v. *Mundro,* 326 Ill. 324, where defendant had been sentenced to the penitentiary for life on a conviction for rape. Also, see *People* v. *Callicott,* 322 Ill. 390.

The further question is as to the effect of the change of statute, as amended in 1927, on the penalty imposed under the earlier act. Such effect is fully answered in *People ex rel. Carlstrom* v. *David,* 336 Ill. 353, where one convicted of robbery while armed with a gun was sentenced under the statute for an indeterminate sentence of ten years to life. In 1927, the statute was amended, changing the minimum of ten years to one year. In a *habeas corpus* proceeding, started after the prisoner had served more than one year, an order was entered discharging him. In a *mandamus* action brought to expunge the order, it was said: "There is nothing in the amendment of 1927 of the act in relation to robbery which indicates that the

legislature intended that the reduction of the minimum sentence from ten years to one year should be applied to persons already convicted and sentenced. If it were to be so construed its constitutionality might be doubted, as the effect of such a construction would be to change the judgment of the court by legislative enactment, which may not be done." That case is controlling here.

The writ of *mandamus* is ordered to issue as prayed.

*Writ awarded.*