## WOODS *v.* NIERSTHEIMER, WARDEN.

NO. 631.

Argued May 2, 1946.—Decided May 20, 1946.

*Edward H. Levi* argued the cause and filed a brief for petitioner.

*William C. Wines,* Assistant Attorney General of Illinois, argued the cause for respondent. With him on the brief was *George F. Barrett,* Attorney General.

MR. JUSTICE BLACK delivered the opinion of the Court.

In 1940 the petitioner was indicted for murder in the Criminal Court of Cook County, Illinois. Adjudged to be guilty on an alleged plea of guilty, he was sentenced to serve ninety-nine years in the state penitentiary. In 1945 he filed two identical petitions for habeas corpus, one in the Criminal Court of Cook County and the other in the Randolph County Circuit Court. In summary the allegations of these petitions were:

On March 8th or 9th, 1940, Chicago policemen came to petitioner's home, accused him of murder, and arrested him. For a period of four days these policemen subjected him to mistreatment in an effort to force him to confess to the crime of murder. The policemen allegedly abused him, beat him with their hands, with blackjacks, and with clubs. At the end of four days, under threat of instant death if he failed to do so, petitioner signed a paper which he later discovered to be a confession. Petitioner averred that he was unable to employ counsel, that he had no counsel, and that he did not consult with counsel during the next two months while he was confined to jail. According to the allegations, petitioner was brought into court at the end of that period, and a public defender appeared as

his counsel; but the public defender declined to permit petitioner to explain the circumstances surrounding the confession. Moreover, despite petitioner's repeated assertion of his innocence, the defender allegedly entered a plea of guilty on behalf of petitioner. The allegations further assert that the public defender and the State's attorney threatened petitioner by telling him that he would burn in the electric chair if he did not keep his mouth shut, and that despite these threats petitioner pleaded not guilty and never did at any time consent to the guilty plea which is the basis for his ninety-nine year sentence.

Petitioner's contention before the two trial courts was that a judgment and sentence under these circumstances amounted to a denial of due process of law in violation of the Fourteenth Amendment to the United States Constitution. The Randolph County Circuit Court denied petitioner's application for habeas corpus "for want of jurisdiction and failure to state a cause of action." The Cook County Criminal Court granted the State's motion to dismiss, made on the ground that the petition on its face failed to state a cause of action. In neither court was petitioner afforded an opportunity to offer evidence to prove his allegations. Neither court wrote an opinion explaining its order. Since Illinois does not provide for appellate review of an order denying a petition for a writ of habeas corpus, the orders here involved were entered by the highest courts of the State that could have entered them. See *White* v. *Ragen,* 324 U. S. 760. This Court is consequently authorized to review these orders if they are based on decisions of federal questions. *Tucker* v. *Texas,* 326 U. S. 517. Because of the serious violations of the Fourteenth Amendment alleged by the petitioner, and because of uncertainty as to whether denial of his petitions rested on an adequate state ground, we granted certiorari.

The State, through its Attorney General, concedes that the allegations of the petitions for habeas corpus, if true, would show that conviction and sentencing of the petitioner violated the due process clause of the Fourteenth Amendment. The State contends, however, that the applications for habeas corpus were not denied on the ground that the allegations, if proved, would fail to show a violation of due process. According to the State, the denials of petitioner's applications rested on the separate and distinct ground that in the Illinois state courts habeas corpus is not the proper remedy for relief from judgments violating due process of law in the manner here alleged. The contention is that the exclusive relief against such judgments is provided by a statutory substitute for the common law writ of error *coram nobis,* Ch. 110, par. 196, Illinois Revised Statutes, 1945. The petitioner counters by calling attention to the fact that the statutory remedy is not available unless brought within five years after the rendition of a judgment; that the judgment and sentence against petitioner was rendered more than five years ago; that consequently, if petitioner has no remedy for habeas corpus, he has no remedy at all; that we should not assume that Illinois grants no relief to one whose imprisonment violates rights protected by the United States Constitution, cf. *Smith* v. *O'Grady,* 312 U. S. 329; and that we should therefore hold that habeas corpus is available to the petitioner.

From our investigation of the law of the State of Illinois we conclude that the denials of the applications in this case could have rested, and probably did rest, on the ground that habeas corpus is not the proper remedy in cases such as the one before us. For this reason we are without power to review the judgments, see *Williams* v. *Kaiser,* 323 U. S. 471, 477, and the writs of certiorari must be dismissed. The Supreme Court of Illinois has repeatedly held that a court of the State has jurisdiction of a

habeas corpus proceeding only where the original judgment of conviction was void or where something has happened since its rendition to entitle the petitioner to his release. According to Illinois Supreme Court decisions, this means that if the petition and return in the habeas corpus proceeding show that the court which rendered the original judgment had jurisdiction over the person and over the subject matter, and nothing has happened since the conviction to entitle the applicant to his release, the court to which the petition is addressed lacks power to discharge the prisoner.[1] The petitions for habeas corpus here involved did not challenge the court's jurisdiction over the person, nor did they allege that anything had happened since the rendition of the judgment which would entitle the petitioner to his release. The allegations that petitioner did not consent to the guilty plea and that he was not represented by proper counsel, moreover, did not challenge jurisdiction over the subject matter, within the meaning of that term as used in defining the power of Illinois courts to release prisoners on habeas corpus.[2]

---

[1] See e. g. *People* v. *Zimmer*, 252 Ill. 9, 96 N. E. 529, and cases discussed; *People* v. *Siman*, 284 Ill. 28, 32, 119 N. E. 940; *People* v. *Shurtleff*, 355 Ill. 210, 189 N. E. 291; *People* v. *Thompson*, 358 Ill. 81, 192 N. E. 693; *People* v. *Bradley*, 391 Ill. 169, 62 N. E. 2d 788.

[2] See *People* v. *Fisher*, 340 Ill. 250, 172 N. E. 722, where the Supreme Court of Illinois made the following statement on p. 260:

"If the jury is an essential part of the tribunal without which the court has no jurisdiction of the subject matter, it is not discernible how, upon a plea of guilty in a criminal case, a valid judgment can be rendered. Yet the power of the court, without a jury, upon such a plea, to find the defendant guilty and render judgment is unquestioned. A court's jurisdiction of the subject matter is not determined by the plea which a person charged with crime may interpose. Before he appeared at the bar of the tribunal, it either was or was not vested with jurisdiction of the subject matter of his cause. If the court possessed such jurisdiction, it was conferred by or pursuant to some provision of the constitution, and not by the act or consent of the defendant."

Consequently, it seems highly probable that under the Illinois decisions the writ of habeas corpus was not the proper remedy in this case. That this is so is further borne out by the fact that in Illinois orders denying petitions for habeas corpus are not subject to appellate review. *People v. McAnally,* 221 Ill. 66, 68, 77 N. E. 544. We cannot assume that Illinois would so far depart from its general appellate procedure as to deny appellate review of orders denying applications for habeas corpus, if such applications were the proper procedure for challenging violations of fundamental rights to life and liberty guaranteed by the United States Constitution.

Since the record thus shows that petitioner's applications for a writ of habeas corpus were probably denied because he did not seek the proper remedy under Illinois law, it does not appear that the judgments we are asked to review do not rest on an adequate non-federal ground. Nor do the denials of petitioner's applications for habeas corpus present a federal question merely because the five-year statute of limitations on the statutory substitute for the writ of error *coram nobis* has expired. Petitioner claims that this leaves him without any remedy in the state courts. But we do not know whether the state courts will construe the statute so as to deprive petitioner of his right to challenge a judgment rendered in violation of constitutional guarantees where his action is brought more than five years after rendition of the judgment. Nor can we at this time pass upon the suggestion that the Illinois statute so construed would itself violate due process of law in that a denial of that remedy, together with a denial of the writ of habeas corpus, would, taken together, amount to a complete deprivation of a state remedy where constitutional rights have been denied. We would reach that question only after a denial of the statutory substitute for the writ of error *coram nobis* based on the statute

of limitations had been affirmed by the Supreme Court of the State.[3]   Furthermore, it cannot be doubted that if the State of Illinois should at all times deny all remedies to individuals imprisoned within the State in violation of the Constitution of the United States, the federal courts would be available to provide a remedy to correct such wrongs.   *Ex parte Hawk,* 321 U. S. 114.

*Dismissed.*

MR. JUSTICE JACKSON took no part in the consideration or decision of these cases.

---

[3] A judgment in a *coram nobis* proceeding is final and appealable in Illinois.   See *People* v. *Green,* 355 Ill. 468, 189 N. E. 500.