## UNITED STATES ex rel. VELASCO v. RAGEN.

### No. 8966.

Circuit Court of Appeals, Seventh Circuit.

Nov. 5, 1946.

George F. Barrett, Atty. Gen., and Wm. C. Wines, Asst. Atty. Gen., for appellant.

No appearance for appellee.

Before MAJOR, KERNER, and MINTON, Circuit Judges.

PER CURIAM.

Albert Velasco, relator-appellee, was a prisoner in an Illinois State Penitentiary serving a sentence of 45 years for murder, pursuant to a judgment of conviction rendered by the Criminal Court of Cook County, Illinois. In that case he was represented by the duly appointed public defender of the county. The case was tried by the court, defendant having waived a trial by jury. On May 28, 1945, he petitioned the District Court for a writ of habeas corpus. In his petition he averred that his Constitutional rights had been violated in that incompetent counsel had been appointed to defend him; that his counsel had not been given a reasonable time to familiarize himself with, and to prepare, his defense; and that he had been coerced into waiving a jury trial. The court, after hearing the evidence, discharged the relator-appellee from incarceration. To reverse the judgment, respondent-appellant, warden of the penitentiary, appeals.

Velasco made no effort to obtain a review by the Supreme Court of Illinois of the judgment of the court that sentenced him, and the petition did not challenge the court's jurisdiction over his person and over the subject matter, nor did it allege that anything had happened since the rendition of the judgment which would entitle Velasco to his release.

The record discloses that prior to the filing of the instant petition, the relator-appellee filed a petition for habeas corpus in the Circuit Court of Will County, Illinois. It was denied on June 9, 1944, on the ground that the court lacked jurisdiction. Thereafter he filed another petition for habeas corpus in the Criminal Court of Cook County, Illinois, which was denied on July 26, 1944, but it does not appear upon what

grounds. A similar petition was denied by the Supreme Court of Illinois. From this denial he applied for certiorari. It was denied. Velasco v. Ragen, 325 U.S. 852, 65 S.Ct. 1083, 89 L.Ed.1973. We assume that in each of these petitions the allegations were similar to those in the petition before us.

Under the laws of Illinois, habeas corpus is not the proper remedy in cases such as the instant one. Woods v. Nierstheimer, 66 S.Ct. 996. Relator-appellee's remedy, if he is entitled thereto, is provided by a statutory substitute for the common law writ of error coram nobis, c. 110, § 196, Ill.Rev.St.1945. In our case the petition does not contain any allegation that the petitioner has endeavored to obtain relief in the Illinois state courts by coram nobis proceedings. It is therefore apparent that the relator-appellee has not exhausted the remedy provided by the laws of Illinois. This he must do before a federal court may consider him entitled to relief on a petition of habeas corpus. Ex parte Hawk, 321 U.S. 114, 64 S.Ct. 448, 88 L.Ed. 572; White v. Ragen, 324 U.S. 760, 65 S. Ct. 978, 89 L.Ed. 1348; and Woods v. Nierstheimer, supra.

The judgment of the District Court is reversed with directions to dismiss the petition for a writ of habeas corpus.

Reversed.