**Ex parte DARR.**

**Civ. No. 2291.**

District Court, E. D. Oklahoma.

April 22, 1948.

John J. Carney, of Oklahoma City, Okl., for petitioner.

Sam Lattimore, Asst. Atty. Gen., for respondent.

RICE, District Judge.

Petitioner's application for a writ of habeas corpus; the response of the Warden of the State Penitentiary to whom the writ was directed; and the evidence introduced upon a hearing in open court all disclose that petitioner is now imprisoned and held in the State Penitentiary pursuant to two judgments and sentences of the District Court of Lincoln County, Oklahoma. He received one sentence after trial and conviction by a jury on a charge of robbery with firearms. The jury by its verdict fixed his penalty at imprisonment for a term of forty years. His other sentence was upon a plea of guilty to a charge of robbery with firearms, and the court assessed the punishment at imprisonment for a term of forty years. Both sentences were pronounced by the court on the same day. Petitioner's conviction by a jury in one case preceded his plea of guilty in the other case. The judge made no provision for the two sentences to be served concurrently. Under the circumstances and according to Oklahoma law, they must be served consecutively, the sentence on the jury verdict being served first. 21 O.S.A. § 61; Ex parte Gilbert, 52 Okl.Cr. 260, 4 P.2d 695. Approximately seven and one-half years have been served.

It would serve no useful purpose herein to relate the facts and circumstances leading up to petitioner's trial and conviction by a jury in one case, or to relate the circumstances which he asserts induced him to plead guilty in the other case. Sufficient it is to say that his petition was adequate to invoke the jurisdiction of this Court to issue the writ. 28 U.S.C.A. § 453. Whether or not this Court may grant relief is another matter.

At the threshold of this case petitioner is confronted with the long and well established rule that a Federal Court will not ordinarily interfere by habeas corpus with the regular course of proceedings under state authority but will leave the applicant for a writ of habeas corpus to exhaust the remedy afforded by the state for determining whether he is illegally restrained of his liberty. Ex parte Royall, 117 U.S. 241, 6 S.Ct. 734, 29 L.Ed. 868; Urquahart v. Brown, 205 U.S. 179, 27 S.Ct. 459, 51 L.Ed. 760; Ex parte Spencer, 228 U.S. 652, 33 S.Ct. 709, 57 L.Ed. 1010.

Repeatedly the Federal Courts have said it is only in special cases of peculiar urgency that the due and orderly administration of justice in a state court will be interfered with. In the absence of such circumstances comity and due regard for state jurisdiction demand that relief by the writ of habeas corpus be left to the state courts who are equally charged with the courts of the United States with recognizing and protecting constitutional rights. Not only must a state prisoner resort to the state court, he must exhaust his remedy there before applying to a Federal Court. And included in the concept of exhausting his remedy in the state court are such remedies as he may have by way of appeal or application for a writ of certiorari to the Supreme Court of the United States. Ex parte Royall, supra; Urquahart v. Brown, supra; Ex parte Spencer, 228 U.S. 652, 33 S.Ct. 709, 57 L.Ed. 1010; Ex parte Hawk, 321 U.S. 114, 64 S.Ct. 448, 88 L.Ed. 572; United States ex rel. Murphy v. Murphy, 2 Cir., 108 F.2d 861, certiorari denied Murphy v. Warden of Clinton State Prison, 309 U.S. 661, 60 S.Ct. 583, 84 L.Ed. 1009, Id., 309 U.S. 696, 60 S.Ct. 609, 84 L.Ed. 1036; Hall v. People of California, 9 Cir., 79 F.2d 132; McCauley v. Goldberg, 9 Cir., 91 F.2d 1016, certiorari denied Goldberg v. McCauley, 303 U.S. 636, 58 S.Ct. 522, 82 L.Ed. 1097; United States ex rel. Rogalski v. Jackson, 2 Cir., 146 F.2d 251, certiorari denied 324 U.S. 873, 65 S.Ct. 1011, 89 L.Ed. 1427; Guy v. Utecht, 8 Cir., 144 F.2d 913; Gordon v. Scudder, 9 Cir., 163 F.2d 518, certiorari denied 68 S.Ct. 208; United States ex rel. Jackson v. Brady, 4 Cir., 133 F.2d 476, certiorari denied 319 U.S. 746, 63 S.Ct. 1029, 87 L.Ed. 1702. The rule enunciated above does not apply if the state courts deny at all times all remedies to prisoners imprisoned in violation of the Constitution. Woods v. Nierstheimer, 328 U.S. 211, 66 S.Ct. 996, 90 L.Ed. 1177. But petitioner does not contend that the state courts do not afford him a remedy. Indeed, he could not make such a contention in view of the following: Ex parte Snow, Okl.Cr.App., 183 P.2d 588; Ex parte Clyde Meadows, 70 Okl.Cr. 304, 106 P.2d 139; In re John R. Cook, Okl.Cr.App., 183 P.2d 595; In re Stevens, Okl.Cr.App., 160 P.2d 415; Ex parte Barnett, 67 Okl.Cr. 300, 94 P.2d 18; Ex parte Darr, Okl.Cr.App., 182 P.2d 523. Petitioner, however, does make the allegation that he has exhausted his state remedies. In support of this conclusion he relies upon Ex parte Darr, supra, without any showing or contention that he applied to the Supreme Court for certiorari after the adverse decision upon the federal question involved therein.

A State Court may in a habeas corpus proceeding determine the question of whether or not petitioner's incarceration is in violation of the Federal Constitution. Smith v. O'Grady, Warden, 312 U.S. 329, 61 S.Ct. 572, 85 L.Ed. 859. In the early case of Mooney v. Holohan, 294 U.S. 103, 55 S.Ct. 340, 342, 79 L.Ed. 791, 98 A.L.R. 406, the Supreme Court said: "Upon the state courts, equally with the courts of the Union, rests the obligation to guard and enforce every right secured by that Constitution". A final judgment of a state court denying release under a writ of habeas corpus is reviewable by certiorari in the Supreme Court of the United States if the decision of the State court is based upon a federal question. Betts v. Brady, 316 U.S. 455, 62 S.Ct. 1252, 86 L.Ed. 1595; Williams v. Kaiser, 323 U.S. 471, 65 S.Ct. 363, 89 L.Ed. 398; Rice v. Olson, 324 U.S. 786, 65 S.Ct. 989, 89 L.Ed. 637; White v. Ragen, 324 U.S. 760, 65 S.Ct. 978, 89 L.Ed. 1348; Canizio v. New York, 327 U.S. 82, 66 S.Ct. 452, 90 L.Ed. 545; Woods v. Nierstheimer, supra. In White v. Ragen, supra [324 U.S. 760, 65 S.Ct. 981], the Supreme Court said: "Where the highest state court in which a decision could be had, considers and adjudicates the merits of a petition for habeas corpus, state remedies, including appellate review, are not exhausted so as to permit the filing of a petition for habeas corpus in a federal District Court, unless the federal question involved is presented to this Court on certiorari or appeal from the state court decision".

The petitioner in his proceeding before the Criminal Court of Appeals presented one of the constitutional questions now presented. That question is applicable to both judgments and sentences. The Criminal Court of Appeals passed squarely

upon his contention. Certainly, he is in no position now to urge that the same question so recently presented to the Criminal Court of Appeals now presents here "a case of peculiar urgency" that requires this court to re-examine the same question, presumably on the same facts, and reach an opposite conclusion, thereby placing this court in the position of "interfering with the orderly administration of justice in the state courts". For this court to do so would be completely to disregard that degree of comity appropriate between the two judicial systems existing under our form of government. The recognized and orderly procedure was for him to petition the Supreme Court for certiorari. Errors, if any, of state courts on Federal constitutional questions are properly corrected in the Supreme Court.

As to the judgment and sentence upon a plea of guilty, it may be conceded that by his pleadings and testimony petitioner presents a serious constitutional question. Von Moltke v. Gillies, 332 U.S. 708, 68 S.Ct. 316. But there are two reasons why relief is not here available to him: (1) Conceding, for the sake of argument, that he has a right to test the validity of both judgments and sentences in a habeas corpus proceeding at this time, he had that right in the state court. But he did not urge in the state court the ground now urged against the validity of the judgment and sentence on his plea of guilty. It was his duty to urge, in the state courts, every question arising under the Federal Constitution. A state prisoner may not pursue one theory in the state court, and then on the premise that he has exhausted his remedies in the state court, apply to a federal court for relief on a different theory. Having failed to urge this point in the state court, he may not for the first time raise it in this court. United States ex rel. Jackson v. Brady, supra. (2) Under the law of Oklahoma petitioner is now imprisoned and held under the judgment and sentence resulting from his conviction by a jury. Until he has in some way been released from custody pursuant to that judgment and imprisoned under the judgment on his plea of guilty, he may not test the validity of the latter in a habeas corpus proceeding.

Petitioner failed to sustain the burden upon him to sustain the allegations in his petition that he had exhausted his remedies in the state courts. Without expressing any opinion upon the merits of his contentions, relief is denied, and the writ is discharged.