Jack **RAINSBERGER**, Appellant,

v.

Ralph **LAMB**, Sheriff, Clark County, Nevada, Appellee.

No. 18162.

United States Court of Appeals
Ninth Circuit.

Jan. 28, 1963.

**196**

Samuel S. Lionel, Las Vegas, Nev., for appellant.

John F. Mendoza, Dist. Atty., Charles L. Garner, William S. Barker, Deputy Dist. Attys., Las Vegas, Nev., for appellee.

Before HAMLEY, MAGRUDER and DUNIWAY, Circuit Judges.

MAGRUDER, Circuit Judge.

This is a habeas corpus case. It started as a criminal charge of murder lodged against appellant in the Eighth Judicial District Court in and for the County of Clark, State of Nevada. At the time of the hearing the applicable statute read that " *  *  * if such person shall be convicted on confession in open court, the court shall proceed, by examination of witnesses, to determine the degree of the crime and give sentence accordingly." N.R.S. 200.030, subsection 2. Notwithstanding the burden which this law placed upon the district judge, appellant having pleaded guilty to the charge of murder, after the hearing the judge determined that appellant was guilty of murder in the first degree and sentenced him to death in the gas chamber.

The district judge remonstrated with the legislature that no judge should by himself have the responsibility of sentencing a man to death. The legislature obliged him by amending the relevant statute so as to read: " *  *  * If any person is convicted of murder on his confession in open court without a jury, or upon a plea of guilty without specification of a degree, the supreme court shall appoint two district judges from judicial districts other than the district in which the confession or plea is made, who shall, with the district judge before whom such confession or plea was made, or his successor in office, by examination of witnesses, determine the degree of the crime and give sentence accordingly. Such determination shall be by unanimous vote of the three district judges." N.R.S. 200.030, subsection 3.

Having a death sentence staring him in the face, appellant appealed to the Supreme Court of Nevada on a point of evidence. That court reversed the judgment of the district court of Clark County, Nevada, and sent the case back for a hearing before a court of three judges "to determine the degree of the crime and give sentence accordingly." Rainsberger v. Nevada, 76 Nev. 158, 350 P.2d 995, 998 (1960).

When the case was again in the Eighth Judicial District Court for Clark County pursuant to the mandate, appellant insisted that the amended law was an ex post facto law, contrary to his constitutional rights. Without waiting for a determination by the three-judge court, appellant rushed in with a petition for a writ of habeas corpus filed in the district court of Clark County contending that the new statute had repealed the old one, and that whereas three judges were now to determine the degree of his guilt and sentence him accordingly, the single judge is thus relieved from the burden which had previously rested upon him, and hence that the amendment changed to his detriment the position of appel-

lant. See Kring v. Missouri, 107 U.S. 221, 2 S.Ct. 443, 27 L.Ed. 506 (1882).

The petition was denied by the district court of Clark County, Nevada. On appeal to the Supreme Court of Nevada, this denial was affirmed. Application of Rainsberger, 77 Nev. 399, 365 P.2d 489 (1961). The court pointed out that the writ of habeas corpus was not available under the local procedure to attack the present respondent, namely, the sheriff of Clark County, who lawfully held respondent under a warrant of arrest for a nonbailable offense. If the three-judge court should determine in the future that the crime was murder in the first degree and sentence appellant to death, habeas corpus no doubt would be the appropriate remedy to test the ex post facto nature of the amended statute, as against the warden of the state penitentiary, who then would be holding the accused. See Eureka County Bank Habeas Corpus Cases, 35 Nev. 80, 126 P. 655 (1912).

Appellant thereafter applied to the United States Supreme Court for a writ of certiorari, which was denied without opinion. Rainsberger v. Leypoldt, Sheriff, 368 U.S. 516, 82 S.Ct. 530, 7 L.Ed. 2d 522 (1962), rehearing denied 369 U.S. 832, 82 S.Ct. 849, 7 L.Ed.2d 797 (1962). Appellant then filed in the federal district court below the present writ of habeas corpus, alleging that he had exhausted his state remedies.

We think that the district court properly denied the petition on the ground that appellant had failed to exhaust his remedies under state law as required by 28 U.S.C. § 2254. Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469 (1953), has no application to this case. The Nevada Supreme Court has never passed upon the federal ex post facto question. That court has merely decided that habeas corpus as a matter of local law would not lie under these circumstances. If and when the Supreme Court of Nevada has before it an appeal from the determination of murder in the first degree by a three-judge court, at that time, and not before, the Supreme Court

of Nevada will have to pass upon the federal question raised here.

Personally I would be willing to assume without deciding that appellant has exhausted his remedies under the state law, but see Woods v. Nierstheimer, 328 U.S. 211, 66 S.Ct. 996, 90 L.Ed. 1177 (1946), after which I would decide the case on the merits, since it seems clear to me that no constitutional rights have been violated. But my two colleagues do not agree to this disposition of this appeal, and not being in disagreement with them I have written the opinion their way.

A judgment will be entered affirming the judgment of the District Court.