Argued September 3, 1958, affirmed April 15, petition for
rehearing denied June 10, 1959

## MACOMBER v. GLADDEN

337 P. 2d 971

*Daniel Poling,* Salem, argued the cause for appellant. On the brief was H. William Barlow, Salem.

*Peter S. Herman,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief was Robert Y. Thornton, Attorney General, Salem.

McALLISTER, C.J.

This is a habeas corpus proceeding brought in the circuit court of Marion county by the plaintiff, Glen T. Macomber, against Clarence T. Gladden, warden of the state penitentiary of the state of Oregon, as defendant. The lower court dismissed the proceeding and plaintiff has appealed.

It appears from the record that on October 19, 1939, after trial by jury, the defendant was convicted in the circuit court for Polk county of the crime of grand larceny and sentenced to a term of five years in the penitentiary. After the imposition of that sentence, the district attorney for Polk county, pursuant to 26-2804, OCLA, filed an information alleging that the defendant was a third felony offender having been convicted of (1) grand larceny in Linn county on September 15, 1931; (2) assault with attempt to rob in Polk county on May 13, 1933; and (3) grand larceny in Polk county on October 19, 1939.

Defendant was arraigned under the habitual criminal information, appeared in person and by counsel and admitted that he was the same person described in the three judgments. On October 23, 1939 the circuit court for Polk county vacated the judgment of October 19, 1939 and sentenced the defendant as a third felony offender to a term of 39 years and 360 days in the penitentiary. The sentence required by 26-2802, OCLA[1] was 40 years and the court gave defendant credit for the five days served from October 19th to

---

[1] A person who, after having been two times convicted within this state of felonies, or attempts to commit felonies, or, under the law of any other state, government or country, of crimes which, if committed within this state, would be felonious, commits a felony within this state, shall be punished, upon conviction of such third, or subsequent, offense, as follows: If the second felony is such that the offender would be punished by imprisonment for any term less than his natural life, then such person must be sentenced to imprisonment for a term not less than the longest term nor more than twice the longest term prescribed in section 26-2801.

October 23, 1939. No appeal was taken from the judgment of October 19th nor from the judgment entered under the habitual criminal statute on October 23, 1939.

Plaintiff asserts that 26-2802, OCLA, the third offender statute, as applied to him, was unconstitutional. Plaintiff also asserts that the statute was unconstitutional because it necessitated the use of a prior unconnected offense as a measure of the sentence for the third offense. In effect, plaintiff asks us to declare 26-2802, OCLA, unconstitutional both generally and specifically as applied to him.

Petitioner has challenged the validity of the sentence imposed on him as a third felony offender in two prior habeas corpus proceedings both appealed and decided by this court. *Macomber v. State,* 181 Or 208, 180 P2d 793 (1947) and *Macomber v. Alexander,* 197 Or 685, 225 P2d 164 (1953). In both cases we found after extensive consideration that the writ should not issue. Petitioner now comes again to this court seeking a writ of habeas corpus and again challenging the validity of his imprisonment. The grounds on which the validity of his imprisonment is challenged in the present proceeding were not raised or considered in either of his two prior habeas corpus proceedings. There is no showing that plaintiff could not have presented these grounds in either or both of the two prior applications for a writ of habeas corpus. The rule stated by this court in *Barber v. Gladden,* 67 Adv Sh 491 (1958), clearly applies in the instant case:

> "We interpret our own statute, ORS 34.710, to mean that a denial of the writ of habeas corpus is res judicata on subsequent application for the writ, not only upon grounds which *were alleged,* but also on grounds *which could have been alleged* in the prior habeas corpus proceeding." (Italics supplied)

It will be noted that the foregoing rule permits a subsequent application for a writ of habeas corpus where the petitioner can establish that the grounds asserted in his latest petition "could not reasonably have been raised in the original petition." Id. Plaintiff has not shown that he is within the exception.

The judgment is affirmed.