Motion to dismiss allowed January 11, 1961

# STRONG *v.* GLADDEN
### 358 P. 2d 520

Robert Y. Thornton, Attorney General, Salem, and Robert G. Danielson, Assistant Attorney General, Salem, for the motion.

Thomas W. Hansen, Salem, contra.

Before McALLISTER, Chief Justice, and ROSSMAN, WARNER, PERRY, SLOAN, O'CONNELL and GOODWIN, Justices.

PERRY, J.

The plaintiff Donald LeRoy Strong, a prisoner in the Oregon State Penitentiary, on July 16, 1959, filed a petition in the Circuit Court for the County of Marion seeking relief under the Post-Conviction Hearing Act. ORS 138.510 to 138.680.

The plaintiff had been convicted in the Multnomah County circuit court. The Marion county circuit court, being of the opinion the hearing could be "more expeditiously conducted" in the county where the conviction was had, on its own motion caused the matter to be transferred to the Multnomah county circuit court. ORS 138.560(4).

On August 5, 1959, the Multnomah county circuit court entered an order which in substance stated that the plaintiff having requested an order "authorizing and directing * * * Warden of the Oregon State Penitentiary" to deliver him to the sheriff of Multnomah county pending further proceedings in the post-conviction hearing, it was ordered that the warden deliver the plaintiff to the sheriff of Multnomah county and that he be confined in the Multnomah county jail "until the conclusion of the proceedings."

The warden of the penitentiary, in accordance with

the order, delivered the plaintiff to the custody of the sheriff of Multnomah county.

Several hearings were had before the circuit court of Multnomah county upon various motions and demurrers. On March 15, 1960, after the plaintiff had filed a second amended petition for post-conviction relief, he was permitted to dismiss his petition and on March 16, 1960, he was ordered returned to the "custody of the Warden of the Oregon State Penitentiary."

On May 13, 1960, plaintiff again filed in the Marion county circuit court his petition for post-conviction relief, alleging, as he had before in the prior proceedings, that the act under which he was convicted was unconstitutional and void.

The defendant filed a demurrer to the petition and on October 18, 1960, the plaintiff filed an "Amended Petition for Post-Conviction Relief."

In plaintiff's amended petition he does not set out any matters challenging the lawfulness of his conviction, but, in general, alleges that he filed a petition for post-conviction relief in Marion county which was transferred to Multnomah county and later dismissed; that while these proceedings were pending he was held in the Multnomah county jail for a period of 223 days and that upon his return to the penitentiary he was advised that the time he had spent in the jail would not be considered as applying on the term of his sentence; that he then brought a habeas corpus proceeding and relief was denied by the trial court; that if he received the statutory allowance for good time behavior and his time spent in the Multnomah county jail he would be entitled to a release from the penitentiary August 30, 1960. Plaintiff then alleges:

"That by reason of the fact that the Post-conviction Act allows such a petition to be filed, and,

further, allows the Court to transfer said case to the county of conviction without any opportunity of petitioner to object or have such order reviewed, the application of the Post-conviction Relief Act to then transfer the petitioner to Multnomah County and cause the petitioner loss of time in serving his sentence is unconstitutional and deprives the petitioner of his liberty without due process of law."

The defendant demurred to this amended petition. The demurrer was sustained and the plaintiff appealed. The defendant has moved for the dismissal of the plaintiff's appeal because "no substantial question of law is presented" by the appeal.

■ The plaintiff seems to have misconstrued his remedy. The Post-Conviction Hearing Act was enacted by the legislature to eliminate the confusion that had arisen over the use of various common-law remedies to challenge the lawfulness of a person's conviction of crime and to provide a single and exclusive proceeding whereby the convicted person might challenge the lawfulness of the proceedings which lead to the judgment pronounced by the trial court. The legislature, however, did not abolish the ancient Writ of Habeas Corpus. This is specifically retained in criminal cases where the prisoner challenges his restraint upon grounds that do not challenge the lawfulness of the proceedings upon which the judgment of conviction rests.

ORS 138.540 provides as follows:

"(1) Except as otherwise provided in ORS 138.510 to 138.680, a petition pursuant to ORS 138.510 to 138.680 shall be the exclusive means, after judgment rendered upon a conviction for a crime, for challenging the lawfulness of such judgment or the proceedings upon which it is based. The remedy created by ORS 138.510 to 138.680

does not replace or supersede the motion for new trial, the motion in arrest of judgment or direct appellate review of the sentence or conviction, and a petition for relief under ORS 138.510 to 138.680 shall not be filed while such motions or appellate review remain available. With the exception of habeas corpus, all common law post conviction remedies, including the motion to correct the record, coram nobis, the motion for relief in the nature of coram nobis and the motion to vacate the judgment, are abolished in criminal cases.

"(2) When a person restrained by virtue of a judgment upon a conviction of crime asserts the illegality of his restraint upon grounds other than the unlawfulness of such judgment or the proceedings upon which it is based or in the appellate review thereof, relief shall not be available under ORS 138.510 to 138.680 but shall be sought by habeas corpus or other remedies, if any, as otherwise provided by law. As used in this subsection, such other grounds include but are not limited to unlawful revocation of parole or conditional pardon or completed service of the sentence imposed."

■ The plaintiff, nevertheless, attempts to raise the constitutionality of the provisions of the act which provide that when post-conviction relief is sought by a petition filed in the circuit court for Marion county, the said court is authorized to transfer the cause, without his consent, to the county of his conviction. He contends that in order to have a proper hearing and to meet the requirements of due process it is necessary in most instances that the petitioner be present and that if he is present at the hearing out of the physical custody of the warden of the penitentiary or one of his employes the execution of his sentence is stayed and his confinement thus extended. We find no merit in this argument.

ORS 137.370 provides:

"When a person is sentenced to imprisonment in the penitentiary or the correctional institution, his term of confinement therein commences from the day of his delivery at the penitentiary or correctional institution to the proper officer thereof, and no time during which such person is voluntarily absent therefrom can be counted as a part of the term for which such person was sentenced."

■ To sustain plaintiff's argument that the transfer of his case from the circuit court for Marion county to the county of his conviction could be used to wrongfully extend his period of incarceration would require an interpretation of the words "voluntarily absent" never contemplated by the legislature. The words "voluntarily absent" refer to a prisoner who is absent from the penitentiary unlawfully.

ORS 138.620 provides:

"(1) After the response of the defendant to the petition, the court shall proceed to a hearing on the issues raised. If the defendant's response is by demurrer or motion raising solely issues of law, the circuit court need not order that petitioner be present at such hearing, so long as petitioner is represented at the hearing by counsel. At the hearing upon issues raised by any other response, the circuit court shall order that petitioner be present.

"(2) If the petition states a ground for relief, the court shall decide the issues raised and may receive proof by affidavits, depositions, oral testimony or other competent evidence. The burden of proof of facts alleged in the petition shall be upon the petitioner to establish such facts by a preponderance of the evidence."

This statute authorizes the trial court hearing the proceedings to order the presence of the plaintiff in court at any stage of the proceedings. Therefore, it

seems quite clear that whenever a prisoner as plaintiff is ordered to be present in court he is lawfully absent from the penitentiary whether the court acts on a motion of the plaintiff or on its own motion. No where in the statutes relating to post-conviction relief do we find any implication that the execution of the sentence is stayed while such proceedings are pending, such as is provided in ORS 138.130 pending an appeal to this court from a judgment of conviction.

■ If, as alleged by plaintiff, the term of his sentence has expired, his relief lies in habeas corpus, not under the Post-Conviction Hearing Act.

The motion to dismiss is allowed.