**Glen T. MACOMBER, Appellant,**

v.

**Clarence T. GLADDEN, Warden, Appellee.**

**No. 17168.**

United States Court of Appeals Ninth Circuit.

June 1, 1962.

Donald G. Black, San Francisco, Cal., for appellant.

Robert Y. Thornton, Atty. Gen. of Oregon, Harold W. Adams and Robert G. Danielson, Asst. Attys. Gen. of Oregon, Salem, Ore., for appellee.

Before JERTBERG, BROWNING and DUNIWAY, Circuit Judges.

BROWNING, Circuit Judge.

Appellant, who is in the custody of the Warden of the Oregon State Penitentiary, seeks reversal of an order of the

United States District Court for the District of Oregon dismissing his petition for writ of habeas corpus under 28 U.S.C.A. § 2254. We affirm.

In October, 1939, appellant was convicted of grand larceny by an Oregon court, and sentenced to a term of five years. Five days later a new sentence of 39 years and 360 days was imposed under the Oregon Habitual Criminal Act.[1] Appellant alleges that Oregon did not at that time provide indigents with either a trial transcript or appellate counsel, and that poverty made it impossible for him to appeal.

Appellant subsequently filed three petitions for habeas corpus in the courts of Orgeon, raising issues not pertinent here. All were ultimately denied.[2] Appellant also filed two motions in coram nobis in the original criminal action, asserting that the trial court had committed prejudicial errors of fact not shown by the judicial record. The first motion in coram nobis was dismissed without a hearing.[3] The second motion was also dismissed.

The circumstances surrounding the dismissal of the second petition in coram nobis were as follows. The motion was set for hearing. The deputy county clerk was called and testified that the original file in the case had been lost. The Oregon court noted that the purpose of the proceeding was to rectify an allegedly erroneous record and that to accomplish this purpose it would first be necessary to have a record. The Court imposed upon the district attorney the obligation to reconstruct the file, expressly reserving to the appellant a full opportunity to object to any part of the reconstructed record and to offer anything he might wish to add to it. Appellant was represented by counsel at this hearing and was present in person.

After the hearing, appellant, acting *pro se,* filed a written motion to withdraw his motion in coram nobis on the ground that "the District Attorney by and through this Court seeks to force the defendant to be an unwilling party to the illegal act of rebuilding a known forged record. * * *" The motion was granted, and the proceeding was dismissed "without prejudice."

Appellant's present petition under 28 U.S.C.A. § 2254 recites the above facts, and in addition alleges that the court reporter in the original larceny and habitual criminal cases could not provide a transcript of those proceedings because her shorthand notes had been destroyed by order of the judge.

The petition also sets out in some detail the errors which appellant contends he could have established if he had been granted a hearing on the merits of the allegations in his second motion in coram nobis, if the records had not been lost, and if the original shorthand notes had not been destroyed. These allegations, if true, reflect substantial deficiencies and irregularities in the course of both appellant's trial for grand larceny and the proceedings under the Habitual Criminal Act, and appellant affirmatively alleges that these deficiencies and irregularities resulted in a denial of rights guaranteed to him by the Fourteenth Amendment.

Appellant further alleges that he was derived of federal constitutional rights by the loss of the records and destruction of the notes and the denial of a hearing on the merits of the allegations in his second motion in coram nobis.

---

1. O.C.L.A. § 26–2804, Or.General Laws ch. 334 § 4 (1927). See Or.Rev.Stats. ch. 168.

2. See Macomber v. State, 181 Or. 208, 180 P.2d 793 (1947); Macomber v. Alexander, 197 Or. 685, 255 P.2d 164 (1953); Macomber v. Gladden, 216 Or. 579, 337 P. 2d 971 (1959), cert. denied 361 U.S. 869, 80 S.Ct. 131, 4 L.Ed.2d 109 (1959).

3. Under Oregon law denial of appellant's first motion in coram nobis was not appealable. State v. Endsley, 214 Or. 537, 542, 331 P.2d 338, 340 (1958). Appellant sought to obtain review by writ of mandamus. The petition was denied by the Supreme Court of Oregon in an unreported order. The Supreme Court of the United States denied certiorari. Macomber v. Oregon, 352 U.S. 1010, 77 S.Ct. 579, 1 L.Ed.2d 556 (1957).

Appellant asserts that he has no remedy available to him in the courts of the State.

The District Court concluded that appellant was entitled to, and had been afforded, a full opportunity to participate in the reconstruction of the record and that there was no showing that the reconstructed record would not have met any objections the appellant might have had. The District Court further concluded that the State court had not refused to permit appellant to introduce evidence concerning the errors which he alleged nor refused to hear him on the merits of those claims, but had only required that an effort first be made to reproduce the record of the original proceedings. But appellant argued that Oregon subsequently enacted a Post-Conviction Hearing Act [4] which abolished coram nobis and left appellant no present remedy. As to this the District Court concluded that the Oregon Post-Conviction Hearing Act does afford appellant a present opportunity in the State courts to reconstruct the record and obtain a full hearing on the merits of his contentions.

We approach our examination of this appeal mindful of the admonition that our "overriding responsibility * * * is to the Constitution of the United States, no matter how late it may be that a violation of the Constitution is found to exist." Chessman v. Teets, 354 U.S. 156, 165, 77 S.Ct. 1127, 1 L.Ed.2d 1253 (1957). We are mindful also, however, that state and federal courts share the duty of protecting constitutional rights, and that constitutional issues arising out of state criminal prosecutions should be presented first to state courts.[5] The doctrine of comity between courts requires "that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter."[6]

We agree with the District Court that there has been no showing that the State denied appellant a hearing on an adequate record on his underlying contentions of error in the proceedings leading to his imprisonment. Appellant was not denied a hearing; orderly procedure required that consideration of these issues be deferred pending the outcome of efforts to complete the record. Nor was there anything to indicate that a record sufficient to permit full review of his claims would not have emerged from the coram nobis proceeding.[7] The loss of the original records and the destruction of the stenographic notes did not, per se, infringe appellant's constitutional rights.[8]

---

4. Or.Rev.Stat. §§ 138.510–138.680.

5. Mooney v. Holohan, 294 U.S. 103, 113–115, 55 S.Ct. 340, 79 L.Ed. 791 (1935). See also Brown v. Allen, 344 U.S. 443, 447–450, 73 S.Ct. 437, 97 L.Ed. 469 (1953); Wade v. Mayo, 334 U.S. 672, 679, 68 S.Ct. 1270, 92 L.Ed. 1647 (1948); Ex parte Hawk, 321 U.S. 114, 64 S.Ct. 448, 88 L.Ed. 572 (1944). The principle is codified in 28 U.S.C.A. § 2254. It is discussed by Mr. Justice Brennan in Federal Habeas Corpus and State Prisoners, an Exercise in Federalism, 7 Utah L.Rev. 423, 424 (1961). See also Reitz, Federal Habeas Corpus: Impact of an Abortive State Proceeding, 74 Harv.L.Rev. 1315, 1363–1373 (1961); Reitz, Federal Habeas Corpus: Postconviction Remedy for State Prisoners, 108 Pa.L.Rev. 461, 463 (1960).

6. Darr v. Burford, 339 U.S. 200, 204, 70 S.Ct. 587, 94 L.Ed. 761 (1950).

7. See Patterson v. Medberry, 368 U.S. 839, 82 S.Ct. 59, 7 L.Ed.2d 39 (1961) (memo of Mr. Justice Harlan on denial of certiorari). See also Eskridge v. Washington Prison Bd., 357 U.S. 214, 215–216, 78 S.Ct. 1061, 2 L.Ed.2d 1269 (1958); Griffin v. Illinois, 351 U.S. 12, 20, 76 S.Ct. 585, 100 L.Ed. 891 (1956); Miller v. United States, 317 U.S. 192, 198, 63 S.Ct. 187, 87 L.Ed. 179 (1942).

8. Cf. Eddy v. United States, 256 F.2d 78 (9th Cir. 1958) (federal prisoner). However, in some circumstances it may. See Patterson v. Medberry, 290 F.2d 275, 278, n. 4 (10th Cir. 1961), cert. denied 368

We do not understand the State to argue that because appellant obtained the dismissal of his own coram nobis proceeding he thereby "waived" his remedy in the State courts, or that, if he had, the federal court would for that reason be precluded from hearing his constitutional claims on the merits.[9] As the State tacitly recognizes, there was no "intentional relinquishment or abandonment" [10] by appellant of his underlying constitutional claims. Nor can appellant be charged with having finally rejected an available state procedure for reconstructing the record. The dismissal which appellant sought and obtained was "without prejudice," and ultimate relief by way of coram nobis was foreclosed not by his motion or the order of dismissal, but by the terms of the Oregon Post-Conviction Hearing Act, which expressly abolished this remedy from Oregon practice.[11]

The question of whether under the new Act appellant may now obtain an adequate record and an effective hearing on the merits of his contentions has not been presented to the courts of Oregon. This fact alone would ordinarily preclude a federal court from entertaining a petition for habeas corpus.

■■■ Where substantial allegations of violation of Fourteenth Amendment rights are involved, "we are not at liberty to assume that the State has denied to its court jurisdiction to redress the prohibited wrong upon a proper showing and in an appropriate proceeding for that purpose." [12] This is so even where the possible state remedy did not exist when the petition for habeas corpus was filed in federal court.[13]

■■■ But the rule is not inflexible. In exceptional circumstances justice may require the federal court to proceed without requiring the state prisoner to pursue a possible state remedy.[14] This may be true where the violation of constitutional right is clear and the existence of a state remedy doubtful.[15] Here, however, we are persuaded that the Oregon courts will afford this appellant an effective remedy under that State's Post-Conviction Hearing Act.

The Oregon Act provides that post-conviction relief shall be granted upon a showing of "a substantial denial * * * of petitioner's rights under the Constitution of the United States * * * which denial rendered the conviction void." [16] This is precisely the ground upon which appellant seeks relief in his present petition under 28 U.S.C.A. § 2254. It was the deliberate purpose of the Oregon Act to provide relief upon grounds which would be sufficient to support discharge of a state prisoner in a federal habeas

U.S. 839, 82 S.Ct. 59, 7 L.Ed.2d 39 (1961); United States ex rel. Westbrook v. Randolph, 259 F.2d 215 (7th Cir. 1958).

9. See Reitz, Federal Habeas Corpus: Impact of an Abortive State Proceeding, 74 Harv.L.Rev. 1315 (1961).

10. Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). See also Carnley v. Cochran, 82 S.Ct. 884, 888 (1962).

11. Or.Rev.Stat. § 138.540(1).

12. Mooney v. Holohan, 294 U.S. 103, 113, 55 S.Ct. 340, 79 L.Ed. 791 (1935). See also Woods v. Nierstheimer, 328 U.S. 211, 216, 66 S.Ct. 996, 90 L.Ed. 1177 (1946).

13. Ferguson v. Ragen, 338 U.S. 833, 70 S. Ct. 50, 94 L.Ed. 508 (1949); Young v. Ragen, 337 U.S. 235, 69 S.Ct. 1073, 93 L.Ed. 1333 (1949); United States ex rel. Rogers v. Stanley, 294 F.2d 772 (2d Cir. 1961); United States ex rel. Peckham v. Ragen, 241 F.2d 318 (7th Cir. 1957); United States ex rel. Peters v. Ragen, 178 F.2d 377 (7th Cir. 1949), cert. denied 338 U.S. 944, 70 S.Ct. 425, 94 L.Ed. 582.

14. Illustrative cases are collected in Note, 57 Mich.L.Rev. 128, 129 (1958).

15. United States ex rel. Westbrook v. Randolph, 259 F.2d 215, 219 (7th Cir. 1958).

16. Or.Rev.Stat. § 138.530(1) (a). See Ex parte Sherwood, 177 F.Supp. 411, 413 (D.Or.1959), cert. denied 363 U.S. 851, 80 S.Ct. 1631, 4 L.Ed.2d 1734.

corpus proceeding.[17] The Act requires a hearing upon the issues raised by the petition, at which the court may receive affidavits, depositions, or any other competent evidence.[18] Where a certified copy of the transcript or record cannot be produced, the events which occurred at the trial may be established through the affidavit of the judge, and petitioner may allege and prove whatever is necessary to establish any of the grounds for relief provided under the Act.[19]

In view of the ample provisions of the Oregon Act for obtaining an adequate record and according appellant a full hearing on his underlying constitutional claims, the only substantial question remaining is whether appellant will be denied this state remedy by the res judicata provisions of the Act.[20]

Most of the grounds now relied upon by appellant were asserted by appellant in his second coram nobis proceeding. However, we agree with the District Court that the appellant is not for this reason precluded from reasserting them in a proceeding under the new Act.

■■ We read the res judicata provisions of the Act as applying only where the question of whether relief should be granted has been considered and decided in a judicial proceeding prior to the passage of the Act, and not where, as in appellant's second coram nobis, the proceeding was terminated by voluntary dismissal without reaching the merits. Similarly, we have held that the res judicata provisions of the Act do not bar a remedy under the Act where the pre-statutory proceeding is one in which the petitioner could not in fact have obtained effective relief.[21] This approach to the construction of the Act is required by its evident purpose "to grant to a person convicted of crime full opportunity for judicial review of alleged violation of constitutional rights." [22]

Moreover, the Act expressly provides that if petitioner was not represented by counsel in the prior proceeding, any ground not specifically decided in that proceeding may be raised in a petition under the Act. In view of its evident purpose, this exception to the res judicata provisions of the Act seems clearly applicable to appellant's second coram nobis proceeding, for although appellant acted through counsel in initiating that proceeding, he acted without the guidance of counsel when he took the critical step of applying for its dismissal.

■ We have also concluded that the Oregon courts will not deny appellant a remedy under the Act on the basis of his prior habeas corpus proceedings. The grounds upon which appellant now relies do not appear to have been asserted in these pre-Post-Conviction Hearing Act applications for the writ. It is true that under the Act appellant may be barred from asserting grounds which "could reasonably have been asserted" in the prior proceedings. But it seems unlikely that the Oregon courts will conclude that it was reasonable to expect appellant to have alleged in his prior petitions for habeas corpus the grounds upon which he now seeks relief.

Appellant's first two habeas corpus petitions were filed in 1945 and 1951. At least until the decision of the Supreme Court of Oregon in 1953 in Huffman v. Alexander, 197 Or. 283, 313–314, 251 P.2d 87, 100–101, 253 P.2d 289, appellant might reasonably have supposed that the only ground properly raised in a petition for habeas corpus in that State was that the court had failed to acquire jurisdiction over the person or the subject mat-

17. Brooks v. Gladden, 226 Or. 191, 194–195, 358 P.2d 1055, 1057–1058 (1961), cert. denied 366 U.S. 974, 81 S.Ct. 1942, 6 L.Ed.2d 1263.

18. Or.Rev.Stat. § 138.620(2).

19. Or.Rev.Stat. § 138.630.

20. Or.Rev.Stat. § 138.550.

21. Alcorn v. Gladden, 286 F.2d 689, 691 (9th Cir. 1961).

22. Bloor v. Gladden, 227 Or. 600, 363 P.2d 57, 58 (1961).

ter in the first instance, in the sense in which this limitation upon habeas corpus was understood prior to the decision in Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938).[23]

Even after Huffman v. Alexander, which broadened inquiry by habeas corpus into alleged denial of constitutional rights in accordance with the decision in Johnson v. Zerbst, the rule in Oregon was that "recitals in the judicial record, showing what was said and done in the court, import absolute verity, and therefore cannot be collaterally attacked in habeas corpus." (197 Or. at 317, 251 P.2d at 102). Thus grounds for relief which depended upon contradicting the record by extrinsic evidence could not have been alleged in either of appellant's first two petitions for the writ.[24] Moreover, the earlier cases had restricted factual showings in habeas corpus proceedings even more strictly: "habeas corpus was not then available if the sentencing court had acquired jurisdiction over person and subject matter, extrinsic evidence of violation of constitutional right not being admissible." State v. Huffman, 207 Or. 372, 393, 297 P.2d 831, 840 (1956).

Appellant's third habeas corpus proceeding is not involved since the Oregon court held that as of the time of its filing, appellant was already barred from asserting additional grounds for release by his failure to assert them in the two earlier petitions.[25]

We need not finally determine that none of appellant's present claims could have been asserted as grounds for habeas corpus under Oregon law as it stood in 1945 and 1951. Some clearly could not, and as to others there is substantial doubt. We are satisfied that the Oregon courts will apply the res judicata provision of the Post-Conviction Act in favor of the fullest possible statement of appellant's claims in a first, and final, application under the Act, in recognition both of "the confusion that had arisen over the use of various common-law" post-conviction remedies in Oregon prior to the Act,[26] and the Act's remedial purposes.

The judgment of the District Court dismissing the petition for habeas corpus is affirmed, without prejudice to appellant's right to again petition that Court should the Oregon courts ultimately hold that he has no remedy under the Oregon Post-Conviction Act.

23. See Brooks v. Gladden, 226 Or. 191, 358 P.2d 1055, 1057–1058 (1961), cert. denied 366 U.S. 974, 81 S.Ct. 1942, 6 L.Ed.2d 1263.

24. Such grounds for relief could be asserted only by motion to correct the record or by coram nobis and until 1956 it was uncertain whether the latter remedy was available under Oregon law. State v. Huffman, 207 Or. 372, 392, 297 P.2d 831, 840 (1956). See generally, Collins & Neil, The Oregon Postconviction-Hearing Act, 39 Or.L.Rev. 337, 338, 354 (1960); Wheatley, Coram Nobis in Oregon, 38 Or. L.Rev. 158 (1959).

25. Macomber v. Gladden, 216 Or. 579, 337 P.2d 971 (1959), cert. denied 361 U.S. 869, 80 S.Ct. 131, 4 L.Ed.2d 109 (1959). Appellant erects an elaborate argument designed to demonstrate that this decision of the Supreme Court of Oregon, barring

him from further relief by way of habeas corpus prior to the enactment of the Post-Conviction Act, may itself preclude him from filing a petition under the Act. We believe that the suggestion is conclusively refuted by § 138.550 of the Act which provides that "the effect of prior judicial proceedings concerning the conviction of petitioner which is challenged in his petition shall be as specified in this section and not otherwise." The maximum effect of prior judicial proceedings specified by § 138.550 is to bar relief under the Act as to those grounds which had been asserted and denied, or which could reasonably have been asserted, in the prior judicial proceedings.

26. Strong v. Gladden, 225 Or. 345, 348, 358 P.2d 520, 521 (1961). See also Wheatley, supra, 38 Or.L.Rev. 158, 173.