Argued October 16, reversed and remanded for resentencing November 14, 1978, petition for review denied March 20, 1979, 285 Or 479

STATE OF OREGON, *Respondent,*
*v.*
DOUGLAS LEE JAMESON, *Appellant.*
(No. 77-26845, CA 11434)

586 P2d 380

Helen M. Rockett, Eugene, argued the cause for appellant. With her on the brief was Hammons & Jensen, Eugene.

Donald L. Paillette, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Johnson, Gillette and Roberts, Judges.

JOHNSON, J.

**JOHNSON, J.**

Defendant was convicted of the traffic infraction of making a left turn without signalling. ORS 487.405. The trial court imposed fines and costs of $22.64 and ordered defendant to pay restitution of $100 to the victim of an accident that ensued. The total property damage to the victim's automobile was $1,803.87, of which all but $100 was paid by the victim's insurer. No personal injuries were involved. The question on appeal is whether the trial court had authority to order restitution for a traffic infraction. We conclude that it did not.

ORS 137.106 authorizes restitution for pecuniary damages when a person is "convicted of criminal activities." ORS 137.103(1) defines "criminal activities" to mean "*any offense* with respect to which the defendant is convicted or any other criminal conduct admitted by the defendant." (emphasis added) We pointed out in *State v. Zimmerman,* 37 Or App 163, 586 P2d 377 (1978), that ORS 137.103(1) was "inartfully drafted."[1] The term "offense" is not defined in ORS chapter 137. The state relies on ORS 161.505, which defines "an offense" in the criminal code to include "a traffic infraction." ORS 137.103 to 137.109 (Oregon Laws 1977, chapter 371) was a comprehensive revision of the restitution statutes enacted in response to *State v. Stalheim,* 275 Or 683, 552 P2d 829 (1976). If the legislature intended that the restitution statutes apply to traffic infractions, it seems more likely that it would have used the word "offense" in ORS 137.106, rather than substitute a new term, "criminal activities." We can only discern that this new definition was inserted in ORS 137.103 to 137.109 with the intent that there be some emphasis on the "criminal" nature of the offense. The traffic code revision enacted in 1975, Oregon Laws 1975, ch. 451, made minor traffic violations civil. The purpose was to simplify

---

[1] We stated in *State v. Zimmerman* that the second clause of ORS 137.103(1), "or any other criminal conduct admitted by the defendant," is not an independent basis for ordering restitution.

and expedite traffic court litigation. Committee on Judiciary, Proposed Revision Oregon Vehicle Code XIII thru XV. It is difficult to see how those purposes are furthered if the sentencing for a traffic infraction becomes in effect a tort action for damages.

In *State v. Stalheim, supra,* the court held that because of the "legal and practical complexities" inherent in restitution statutes, such statutes will be narrowly construed to reflect only the express legislative directive. Those legal and practical difficulties discussed in *Stalheim* are compounded if restitution is extended to traffic infractions.

Reversed and remanded for resentencing.