## STATE OF OREGON,
*Respondent,*
*v.*
## KERI GEER FREY,
*Appellant.*

(No. C80-05-31959, CA 19023)

631 P2d 349

Marilyn C. McManus, Deputy Public Defender, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

William F. Gary, Deputy Solicitor General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, John R.

McCulloch, Jr., Solicitor General, and Patrick J. Stimac, Certified Law Student, Salem.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

RICHARDSON, P. J.

THORNTON, J., specially concurring opinion.

## RICHARDSON, P. J.

Defendant was convicted of failing to perform the duties of a driver involved in an accident which involved injury, a felony, ORS 483.602, driving under the influence of intoxicants, a traffic infraction, ORS 487.540, and driving a vehicle while having no liability insurance, a traffic infraction, ORS 486.075. All three charges arose out of an accident involving defendant's vehicle and a motorcycle. The operator of the motorcycle was seriously injured. Defendant appeals the judgment order insofar as it imposed restitution as part of the sentence on the offense of driving under the influence of intoxicants. She makes four assignments of error. Because we conclude restitution was not authorized, we do not discuss the three remaining assignments.

The court imposed restitution as part of the judgment respecting the charge of driving under the influence of intoxicants. This offense was prosecuted as a class A traffic infraction, ORS 487.540(2), because defendant had no prior convictions which would make the conviction a class A misdemeanor. ORS 484.365. Defendant contends restitution may only be imposed for conviction of a crime. *State v. Jameson,* 37 Or App 151, 586 P2d 380, *rev den* 285 Or 479 (1979).

In *Jameson,* defendant was convicted of the traffic infraction of making an improper left turn. ORS 487.405. He was ordered to make restitution to the victim of the ensuing accident. We held that the restitution statute, ORS 137.106, applies only if the defendant is convicted of or admits "criminal activity." We stated that if the legislature had intended restitution to apply to traffic infractions, it would have used some term other than "criminal activity." We concluded the legislature emphasized the criminal nature of the activities and thereby indicated its intention that restitution be required only for criminal offenses.

The state argues that *Jameson* is distinguishable. It contends that *Jameson* involved a class C traffic infraction, while this case involves an offense which is generally recognized as criminal in nature. In support of this distinction, the state argues that the decision in *Brown v. Multnomah County Dist. Ct.,* 280 Or 95, 570 P2d 52 (1977),

recognized the criminal nature of the offense of driving under the influence of intoxicants. In *Brown,* the Supreme Court did not hold that driving under the influence was a crime, but held only that the offense had sufficient indicia of a crime to require that the defendant be accorded the same constitutional and statutory protections given persons accused of crimes. The court recognized the province of the legislature to define conduct as criminal or not. Although the legislature amended ORS 487.540 in 1979, after the decision in *Brown,* it did not change the characterization of the first offense of driving under the influence of intoxicants. Or Laws 1979, ch 744, § 43. That offense remains a traffic infraction. If traffic infractions are to be included within the restitution statute, that must be done legislatively.

The court did not have authority under ORS 137.106 to order restitution on the charge of driving under the influence of intoxicants.[1]

Sentence vacated; remanded for resentencing.

**THORNTON, J.,** specially concurring.

I concur in the result reached in the prevailing opinion but only because the majority chooses to adhere to our prior decision in *State v. Jameson,* 37 Or App 151, 586 P2d 380, *rev den* 285 Or 479 (1979). In my view, *Jameson* was incorrectly decided and should now be overruled.

In *Jameson* this court held that no restitution could be required where a defendant was convicted following an accident of the traffic infraction of making an improper left turn. We said that a traffic infraction did not constitute "criminal activity" within the meaning of that term as used in the restitution statute ORS 137.106. This result was based upon an unfortunate misreading by this court of the intent of the legislature in amending this statute. The unsoundness of this court's construction of the statute in *Jameson* now rises to haunt us. We are now holding that a driver who has been convicted of drunken driving in a near-fatal accident cannot be required to make restitution to the

---

[1] Restitution may not be available on the charge of failure to perform the duties of a driver involved in an accident. *See State v. Eastman,* 51 Or App 723, 626 P2d 956 (1981).

injured person because this was the driver's first conviction for driving while intoxicated. It seems to me that this is a legal hairsplitting to the point of absurdity. It is a fundamental canon of statutory construction that statutes should be construed so as to avoid unjust, absurd or unreasonable consequences. *James v. Carnation Co.,* 278 Or 65, 73-75, 562 P2d 1192 (1977); *Pacific Power & Light Co. v. State Tax Comm.,* 249 Or 103, 437 P2d 473 (1968); *Rogue Valley Memorial Hosp. v. Jackson Cty.* 52 Or App 357, 629 P2d 377 (1981); *Diamond Fruit Growers v. Commission,* 3 OTR 255 (1968).

For the foregoing reasons, I would overrule *Jameson* and affirm the trial judge.