Argued and submitted June 20, reversed and remanded August 8, 1984

PETER R. EVERS,
*Appellant,*

*v.*

STATE OF OREGON,
*Respondent.*

(83-0768C; CA A30915)

685 P2d 1024

John Uffelman, Hillsboro, argued the cause for appellant. With him on the brief was Brink, Moore, Brink & Peterson, Hillsboro.

Christine L. Dickey, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

Warren, J., specially concurring.

### ROSSMAN, J.

Petitioner challenges the dismissal of his petition for post-conviction relief due to the trial court's determination that it lacked jurisdiction to hear the case. In May, 1983, petitioner filed the petition for post-conviction relief from an April 9, 1979, conviction of driving under the influence of intoxicants (DUII). During the hearing on the matter, the trial judge spontaneously questioned whether he had authority under the post-conviction relief statutes to grant relief from a mere traffic infraction. Ultimately, he concluded that he did not and dismissed the petition. Petitioner appeals and presents us with an issue that is new to the court: whether post-conviction relief may be granted from a conviction for the traffic infraction of driving under the influence of intoxicants. We answer that question in the affirmative and reverse.

Post-conviction relief is governed by ORS 138.510 to 138.680, which were enacted by the legislature to eliminate the confusion that had arisen over the use of various common law remedies to challenge the lawfulness of a person's conviction of a crime. *Strong v. Gladden,* 225 Or 345, 348, 358 P2d 520 (1961). After the time for a direct appeal has passed, the post-conviction law provides a uniform and exclusive remedy for attacking the validity of the proceedings which led to the entry of the criminal judgment.[1] *See* ORS 138.540.

ORS 138.510(1) provides:

"Except as otherwise provided in ORS 138.540, any person *convicted of a crime under the laws of this state* may file a petition for post-conviction relief pursuant to ORS 138.510 to 138.680." (Emphasis supplied.)

In 1979, when petitioner was originally convicted of DUII, a first time DUII offense was classified by ORS 487.540 (*amended by* Or Laws 1981, ch 803, § 15, Or Laws 1981, ch 806, § 3, Or Laws 1983, ch 721, § 20, Or Laws 1983, ch 722, § 1, Or Laws 1983, ch 822, § 1) as a Class A traffic infraction.[2] The

---

[1] Although the act is intended to be an exclusive remedy, once the time for a direct appeal has passed, there is a limited exception for habeas corpus proceedings. ORS 138.540.

[2] In 1975, the Oregon legislature revised the Oregon Vehicle Code and decriminalized the first DUII offense by making it a Class A traffic infraction. Or Laws 1975, ch 451, § 87. In 1981, first offense DUII was reclassified as Class A misdemeanors. Or Laws 1981, ch 803, § 15.

trial judge relied on the emphasized language in the above provision to conclude that, because petitioner was convicted of an infraction and not a crime, the court lacked authority to hear the case.

Although the trial court's reasoning might appear correct at first glance, that appearance is deceptive. In *Brown v. Multnomah County*, 280 Or 95, 570 P2d 52 (1977), the Supreme Court addressed whether a DUII infraction may be tried without the constitutional safeguards guaranteed defendants in criminal prosecutions. A wide range of procedural rights hinge on the characterization of an offense as a "crime," including the rights to counsel, a jury trial and proof beyond a reasonable doubt. 280 Or at 97-99. However, the legislature's characterization of an offense as an infraction rather than a crime does not automatically result in it being "noncriminal" for constitutional purposes. 280 Or at 102. Rather, the Supreme Court determined that the constitutional distinction between criminal and noncriminal offenses turns on five indicia of criminality: (1) the type of offense; (2) the nature of the penalty; (3) collateral consequences; (4) evidence of punitive significance; and (5) subjection to arrest and detention. 280 Or at 102-08.

After applying the five indicia to a DUII infraction, the court concluded:

> "* * * [C]onsidering the magnitude of the potential fine, the secondary sanctions in case of non-payment, the relationship of DUII to the other major traffic offenses, the evident legislative desire to emphasize the seriousness of this offense while facilitating its punishment, and the retention of criminal law enforcement procedures, the 1975 code did not free this offense from the punitive traits that characterize a criminal prosecution. Accordingly, petitioner is entitled to the constitutional and statutory protections afforded in the prosecutions of the other major traffic offenses that remained traffic crimes under the code. * * *" 280 Or at 110-11.

In other words, even though the legislature classified first time DUII offenses as mere infractions, they retain enough punitive traits to entitle defendants to the constitutional and statutory rights available in criminal prosecutions.

The petition for post-conviction relief in this case is based on an alleged violation of petitioner's constitutional

rights. He contends that he was denied his right to counsel under the Sixth and Fourteenth Amendments to the United States Constitution, and Article I, section 11, of the Oregon Constitution. Under *Brown v. Multnomah County, supra,* petitioner had a right to an attorney, and he is entitled to a forum in which to litigate the denial of that right.

In *State v. Grenvik,* 291 Or 99, 628 P2d 1195 (1981), the Supreme Court held that the constitutional validity of a prior DUII conviction (allegedly obtained in violation of the defendant's right to counsel) used to enhance a subsequent offense may be collaterally attacked in the subsequent prosecution. 291 Or at 101. However, in *State v. Wright,* 63 Or App 482, 664 P2d 1131 (1983), we ruled that a trial judge could rely on an invalid DUII conviction (also obtained in violation of the right to counsel) to deny a petition for diversion in a subsequent DUII prosecution.

The two cases, read in conjunction, seem to say that a previous conviction may be collaterally attacked in a subsequent DUII prosecution only if the previous conviction is used to enhance the penalty for the subsequent offense. Thus, collateral attacks are only available in a limited situation to those being prosecuted for a second DUII. In the absence of some other form of relief, all but the few who qualify for a collateral attack would be left with the gloomy prospect of having no remedy at all. Accordingly, we hold that post-conviction relief under ORS 138.510 to 138.680, is available to those convicted of DUII Class A traffic infractions to remedy constitutional violations.[3]

Reversed and remanded.[4]

---

[3] Under ORS 138.530, post-conviction relief can be granted on a number of grounds, some of which do not necessarily involve constitutional rights. Because the issue was not raised, we do not not address whether post-conviction relief would be available to a DUII defendant based on a nonconstitutional ground.

[4] The state argues that our holding in *State v. Frey,* 53 Or App 124, 631 P2d 349 (1981), precludes the result reached here. In *Frey,* we held that a defendant who was convicted of a first offense DUII infraction could not be ordered to pay restitution as part of his sentence, because the restitution statute, ORS 137.106, applies only to "criminal activity." That case deals with a very narrow sentencing issue that has no bearing on this case.

**WARREN, J.,** specially concurring.

I agree with the majority's reasoning and its conclusion that defendant is entitled to a post-conviction hearing. That is the only question we were asked to decide and that should conclude our discussion. The reference to *State v. Grenvik,* 291 Or 99, 628 P2d 1195 (1981), and *State v. Wright,* 63 Or App 482, 664 P2d 1131 (1983), regarding the substantive issues petitioner may raise in the post-conviction hearing is unnecessary to our decision.