Argued and submitted May 16, 1985, at Pendleton, Oregon, reversed and remanded November 14, 1985

JAMES FREDERICK KOELLERMEIER,
*Appellant,*

*v.*

STATE OF OREGON,
*Respondent.*

(84-5-431; CA A32181)

708 P2d 1206

Thomas J. Ditton, Hermiston, argued the cause and filed the brief for appellant.

Rudy M. Murgo, City Attorney/Special District Attorney, Pendleton, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Warren and Young, Judges.

PER CURIAM

## PER CURIAM

Appellant appeals from an order dismissing his petition for post-conviction relief for lack of jurisdiction.[1] In 1978, he was convicted in municipal court of the traffic infraction of driving under the influence of intoxicants (DUII) in violation of former ORS 487.540. Post-conviction relief is available to persons convicted of a DUII traffic infraction. *Evers v. State of Oregon,* 69 Or App 450, 685 P2d 1024 (1984). However, the court dismissed the petition on the ground that post-conviction relief is not available to persons convicted in municipal court. That was error. Although a person convicted in municipal court for violating a municipal ordinance may not obtain post-conviction relief, *Rutherford v. City of Klamath Falls,* 19 Or App 103, 526 P2d 645 (1974), a person convicted in municipal court for violating a state statute may. *Skaggs v. State of Oregon,* 69 Or App 337, 684 P2d 1256, *rev den* 298 Or 150 (1984).

Reversed and remanded.

---

[1] ORS 138.640 provides:

"* * * The order making final disposition of the petition [for post-conviction relief] shall state clearly the grounds upon which the cause was determined, and whether a state or federal question, or both, was presented and decided. This order shall constitute a final judgment for purposes of appellate review * * *."

ORS 138.650 provides that a petitioner may appeal to this court from such a judgment. Applying ORS 138.640 strictly, the order dismissing the petition does not comply with the statute, because it does not state the grounds upon which the court decided the case or whether a state or federal question, or both, were presented. However, it is clear from the transcript of the hearing that the court decided that it lacked jurisdiction because appellant was convicted in a municipal court.