Submitted on record and briefs June 27, affirmed November 23, 1988, reconsideration denied January 13, petition for review denied February 14, 1989 (307 Or 405)

## THOMAS B. NEAL,
*Appellant,*

*v.*

## MAASS,
*Respondent.*

(87-C-10823; CA A47173)

764 P2d 947

Larry J. Wright, and Hillyer, Larson & Wright, Salem, filed the brief for appellant.

Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Linda DeVries Grimms, Assistant Attorney General, Salem, filed the brief for respondent.

Before Buttler, Presiding Judge, and Rossman and Riggs, Judges.

ROSSMAN, J.

**ROSSMAN, J.**

Petitioner was convicted of first degree rape and sentenced to a maximum term of twenty years, with a mandatory minimum of ten years. Pursuant to the minimum imposed, the parole board set petitioner's initial parole release date at 120 months. He filed a petition for writ of habeas corpus, arguing that (a) he is receiving constitutionally inadequate health care, and (b) the parole board improperly denied him deductions from his parole release date pursuant to ORS 421.120(1). The trial court granted summary judgment for defendant on petitioner's medical claim and dismissed his early release claim for lack of jurisdiction. Petitioner appeals.

Regarding petitioner's medical treatment claim, the trial court correctly determined that no genuine issue of material fact was presented and that defendant was entitled to judgment as a matter of law.

With respect to the second issue, petitioner's argument, if accepted, would establish that the term of his sentence has expired. Consequently, his remedy lies in habeas corpus. *Strong v. Gladden,* 225 Or 345, 351, 358 P2d 520 (1961); *Jamison v. Cupp,* 27 Or App 109, 111, 555 P2d 475 (1976). Because we conclude that there is jurisdiction, we address the issue raised by petitioner.

ORS 421.120(1)(b) provides that inmates should receive deductions from their sentences for "good time" as follows:

> "(1)   Each inmate confined in execution of the judgment of sentence upon any conviction in the Department of Corrections institution, for any term other than life, and whose record of conduct shows that the inmate faithfully has observed the rules of the institution, shall be entitled to a deduction from the *term of sentence* to be computed as follows:
>
> "* * * * *
>
> "(b)   From the term of a sentence of more than one year, one day shall be deducted for every two days of such *sentence actually served* in the Department of Corrections institution." (Emphasis supplied.)

Petitioner points out that the parole board set his initial release date at 120 months. He argues that, because 120

months is the sentence he *actually* will serve, the board must apply his earned statutory good time against that sentence.

Petitioner has misread the statute. He was sentenced under ORS 137.120(1), which provides that convicted felons should be given an indeterminate sentence establishing a "maximum term" of imprisonment.[1] ORS 421.120(1) permits reductions in a prisoner's "term of sentence" for statutory good time and extra good time.

By contrast, a prisoner's "initial release date" is established by the board of parole under ORS 144.120(1).[2] Under ORS 144.122(1), the board may reset a prisoner's initial release date to an earlier time when there has been an extended course of conduct indicating outstanding reformation or when a severe medical condition exists.[3]

No statutory authority exists to permit deductions for "good time" against a prisoner's initial release date. Because the good time provisions of ORS 421.120(1) apply solely to a prisoner's "term of sentence," petitioner's early release claim is without merit.

Affirmed.

---

[1] ORS 137.120(1) provides, in pertinent part:

"Whenever any person is convicted of a felony, the court shall, unless it imposes other than a sentence to serve a term of imprisonment in the custody of the Department of Corrections, sentence such person to imprisonment for an indeterminate period of time, but stating and fixing in the judgment and sentence a maximum term for the crime, which shall not exceed the maximum term of imprisonment provided by law therefor * * *."

[2] ORS 144.120(1) provides, in relevant part:

"For those prisoners sentenced to a term of imprisonment for life or for 15 years or more, the board shall conduct the parole hearing, and shall set the initial release date, within one year following admission of the prisoner to the institution. Release shall be contingent upon satisfaction of the requirements of ORS 144.125."

[3] ORS 144.122(1) states:

"After the initial parole release date has been set under ORS 144.120 and after a minimum period of time established by the board under paragraph (a) of subsection (2) of this section, the prisoner may request, and the board may grant, that the parole release date be reset to an earlier date upon a showing by the prisoner of:

"(a) An extended course of conduct indicating outstanding reformation; or

"(b) A severe medical condition."