891 F.2d 294
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Willie Dee ALEXANDER. Petitioner-Appellant,
v.
OREGON STATE BOARD OF PAROLE, Respondent-Appellee.
 No. 88-4445.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 31, 1989.*
Decided Dec. 6, 1989.
 
 Before ALARCON, O'SCANNLAIN, LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Petitioner Willie Dee Alexander (Alexander) appeals from a district court judgment dismissing his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and granting summary judgment to respondent Oregon State Board of Parole (the Board). Alexander's petition alleged that the Board erred in determining his release date in violation of his right to due process.
 
 
 3
 A grant of summary judgment is reviewed de novo. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989). The decision whether to grant or deny a petition for habeas corpus is reviewed de novo. Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989). A federal court's scope of review of parole board decisions is very limited. Pedro v. Oregon Parole Bd., 825 F.2d 1396, 1399 (9th Cir.1987), cert. denied, 484 U.S. 1017 (1988).
 
 
 4
 Alexander preserves two issues on appeal. He first argues that the Board improperly determined his parole release date by using certain aggravating factors. Alexander was convicted on armed robbery and assault with a deadly weapon. His criminal history and risk assessment combined for a "guideline range" of 60 to 80 months before parole. In setting Alexander's initial release date at 72 months, the Board considered two aggravating factors: (A) "Production or use of any weapon during the criminal episode," and (B) "Threat or violence toward witness or victim." Alexander contended on appeal in state court that, because these factors were necessarily included in the crimes for which he was convicted, the Board erred in considering them. The Board then deleted the aggravating facts from its report, styling their original inclusion as "a typographical error," but did not alter the parole date.
 
 
 5
 Alexander contends that the Board's adherence to its initial release date violates due process. He relies on Oregon Administrative Rule 255-35-035, which provides:
 
 
 6
 (1) The Board may depart from the appropriate range only upon making a specific finding, by a preponderance of the evidence that there is aggravation or mitigation which justifies departure from the range....
 
 
 7
 .............................................................
 
 
 8
 ...................
 
 
 9
 * * *
 
 
 10
 (b) Any aggravating or mitigating circumstances which constitute a defining element of the crime or subcategory of the crime being rated ... shall not justify variation from the guidelines.
 
 
 11
 Or.Admin.R. 255-35-035(1). Because the Board set Alexander's release date within "the appropriate range," this rule does not apply. The Board had discretion to set Alexander's release date anywhere within the guideline range, and its decision not to alter the date after Alexander complained of improper aggravating factors was also within its discretion. "The Board did not violate petitioner's expectation that, under the rules, a release date would be set within statutory guidelines and ranges...." Pedro, 825 F.2d at 1399.
 
 
 12
 Alexander also argues that his statutory good time credit, see Or.Rev.Stat. § 421.120(1)(b) (1987), should have been deducted from his parole release date. The Board of Parole has no authority to award statutory good time credit against a prisoner's initial release date. Neal v. Maass, 94 Or.App. 119, 122, 764 P.2d 947, 948-49 (1988), appeal denied, 307 Or. 405, 769 P.2d 779 (1989). Thus, the Board's actions did not violate Alexander's due process rights.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument pursuant to Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3