# CENTURY PONTIAC, INC. *v.* COMMISSION

J. Michael Nolte, Portland, Oregon, represented the plaintiff.

Carl N. Byers, Assistant Attorney General, Salem, represented the defendant.

Decision for defendant rendered April 19, 1968.

EDWARD H. HOWELL, Judge.

Plaintiff appeals from an order of the tax commission which denied plaintiff's petition to abate certain personal property taxes. The defendant's demurrer to the plaintiff's complaint is based on the grounds that plaintiff's suit is barred by the statute of limitations.

The plaintiff's complaint alleges that in October, 1965, plaintiff discovered that the assessor had not given it an exemption for the tax year 1965-66 for its licensed motor vehicles as allowed by ORS 481.270.

Plaintiff's complaint alleges that "it was discovered by plaintiff and the Assessor's Office that said office had failed to give plaintiff credit on the units that had been licensed and noted on the Personal Property Return due March 2, 1965, and filed by plaintiff on or about March 1, 1965." The assessor's office issued a corrected personal property tax statement making some decrease in the taxes. The complaint also states: "Said office, however, refused to give plaintiff additional credit on licensed vehicles listed in the Supplemental Personal Property Report * * * which report was filed * * * on June 5, 1965."① (Such report is now required to be filed on or before May 15 of each year. ORS 308.250, and see *Johnson v. Commission,* 2 OTR 504 (1967).

On July 20, 1967, plaintiff filed a petition for review with the tax commission to grant them the exemption. The commission dismissed plaintiff's petition on the grounds that the commission had no jurisdiction because plaintiff's claim was barred by the statute of limitations contained in ORS 306.520. That statute reads in part:

"(1) Any taxpayer aggrieved by an act or omission of a county assessor or tax collector which affects his property and for which there is no other statutory remedy may, within six months after the act or omission becomes actually known to the taxpayer but in any event not more than two years after such act or omission becomes a matter of public record, appeal to the State Tax Commission by filing a petition for review and by filing copies

---

① The plaintiff's complaint does not allege the reason the assessor refused to grant the exemption but the plaintiff's brief states that the assessor's office contended it had not received the claim for exemption required by ORS 481.270 and which plaintiff claims it filed on June 5, 1965.

thereof as provided in subsection (1) of ORS 306.515. * * *"

In its complaint the plaintiff alleges that its petition was filed with the tax commission within two years of the time the assessor issued the corrected personal property tax assessment and it became a matter of public record. However, plaintiff admits that the petition was not filed with the commission within six months of the time that it had actual knowledge of the corrected assessment which was the time the assessor refused to grant the exemption for the other vehicles.

The defendant contends that if the plaintiff had actual knowledge of "the act or omission" of the assessor when the corrected assessment was issued and the balance rejected, the statute required plaintiff to file its petition within six months of such time.

The plaintiff argues that it was not bound to appeal to the tax commission within six months after receiving actual notice of the act of the assessor and that it is sufficient under the statute if it filed its appeal with the commission within two years after the act of the assessor became a matter of public record. Plaintiff reasons that the word "may" as used in the statute is permissive only and that it is not mandatory that it file its appeal within six months after actual notice. It would also interpret the words "in any event" to mean that a taxpayer could appeal within six months after actual notice, but if he did not do so it would be sufficient if the appeal to the commission was perfected within two years from the time the act became a matter of public record.

■ The plaintiff's position is incorrect. When "may" is used in the statute it is permissive in regard

to the right of the taxpayer to bring an appeal in the first instance. In effect the statute provides that if a taxpayer is aggrieved by an act of the assessor and he has no other statutory remedy he may appeal. If he decides to appeal he must do so within the time prescribed.

■ If the taxpayer had actual knowledge of the act or omission he must appeal within six months of such knowledge. The two-year part of the statute was undoubtedly intended to provide an outside limitation on the time to appeal by basing it on the time when the act became a matter of public record. If the plaintiff's argument were accepted a taxpayer could conceivably have knowledge for two years or more of the act or omission of the assessor and still appeal as long as the appeal was within two years from the time the act or omission became a matter of public record. This result would abrogate that part of the statute which requires the taxpayer to appeal within six months after actual knowledge of the act or omission of the assessor. A statute should not be construed to produce an unreasonable result. *Pacific P. & L. Co. v. Com.*, 249 Or 103, 437 P2d 473 (1968).

■ The proper interpretation of ORS 306.520 is that a taxpayer electing to appeal to the tax commission must do so within six months after he has received actual knowledge of the act or omission. If he did not have actual knowledge the filing must be made within two years after the act or omission became a matter of public record. In this case since the plaintiff admits it had actual knowledge of the act or. omission of the assessor within the six-month period and failed to appeal within that time, the defendant's demurrer should be sustained.