## KOLSTAD CANNERIES, INC. v. DEPARTMENT OF REVENUE

Stephen B. Hill, Mautz, Souther, Spaulding, Kinsey & Williamson, Attorneys at Law, Portland, filed a brief for plaintiff.

Gerald F. Bartz, Assistant Attorney General, Department of Revenue, Salem, filed a brief for defendant.

Decision for defendant rendered December 30, 1969.

EDWARD H. HOWELL, Judge.

The Marion County Assessor added certain personal property belonging to plaintiff to the assessment roll as omitted property for the tax years 1962 through

1967. The Department of Revenue affirmed the action of the assessor and plaintiff appealed.

During the years involved the plaintiff operated a cannery for processing fruit and vegetables at Silverton, Oregon. During each of the years the plaintiff filed a personal property tax return pursuant to ORS 308.290, which requires the owner or possessor of personal property to file a return listing the property and stating its true cash value as of January 1. The returns filed by plaintiff reported the value of the inventory for each year but did not include the volume of inventory.

As a processor of fruit and vegetables the plaintiff was entitled to a cancellation of assessment for all or part of its inventory if it complied with the provisions of ORS 308.250. The latter statute states that all nonexempt personal property shall be assessed at its true cash value as of January 1 and provides that all processors of fruit and vegetables (among other items) are entitled to a cancellation of the assessment in whole or in part if the processor provides "sufficient documentary proof that the personal property so assessed actually was transported or shipped to another point before May 1 of the year of assessment." However, the statute also provides that "No cancellation of assessment * * * shall be made unless the required proof is furnished to the assessor on or before May 15 of the year of assessment."

The plaintiff concedes that it did not comply with the statute and file the necessary documentary proof each year from 1962 through 1967.

The plaintiff also concedes that it did not report the value of its actual inventory on hand on January 1 of each year. Instead the plaintiff reported the

value of the inventory that it *anticipated* would be on hand on *May 1* of each year. The plaintiff attempts to explain its failure to follow the statute by stating it was on a fiscal year basis of June 1 to May 31 and no physical inventory was taken as of January 1 of each year.

On January 26, 1968, the Marion County Assessor, acting pursuant to ORS 311.209, gave notice to plaintiff to show cause why the value of the January 1 inventory of each year should not be increased. In response the plaintiff on March 8, 1968, filed a document entitled "Presentation and Tender of Documentary Proof Pursuant to ORS 308.250(2)." This document mentioned various reasons why plaintiff had not claimed the cancellation of assessment as required by the statute.

In March, 1968, the Marion County Assessor entered the omitted assessment. On appeal the Department of Revenue affirmed the action of the county assessor.

Subsection (4) of ORS 308.250 prohibits any cancellation of assessment by the assessor unless the required proof is furnished on or before May 15 *of the year of assessment*. The plaintiff argues that the "year of assessment" mentioned in the statute means 1968, the year the assessor added the inventory to the rolls as omitted property and that the document filed on March 8, 1968, constituted the documentary proof of shipment required by ORS 308.250.

This argument is wholly without merit and should not serve as an excuse for the plaintiff's failure to comply with the statute and submit the required proof if the plaintiff was entitled to the cancellation of assessment.

■ The plaintiff as the owner or possessor of personal property was required to file a personal property tax return listing the property and stating its true cash value as of January 1. The plaintiff was not entitled to report an estimated May 1 inventory for the January 1 inventory.[①]

In order to obtain the cancellation of assessment for goods shipped between January 1 and May 1 the plaintiff was required to report the January 1 inventory, transport or ship all or part of the inventory before May 1 and furnish documentary proof of such shipment before May 15. It would then be entitled to a cancellation of assessment from the January 1 inventory for those goods shipped between January 1 and May 1.

■ The purpose of ORS 308.250, known as the processor's statute, is to give tax relief to canneries and food processors who have a large inventory on hand on January 1 after harvest in the fall and who will ship a substantial portion of the inventory before May 1. *Diamond Fruit v. Commission,* 3 OTR 255, *aff'd,* 254 Or 619, 463 P2d 359 (1969). Like many exemption statutes, in order to claim the exemption the taxpayer must apply for the exemption and submit proof of qualification before a certain time each year.

In support of its argument that the "year of as-

[①] The following summary shows the amount reported and the actual value of the plaintiff's inventory on hand as of May 31 as disclosed by a field audit by the Department of Revenue:

|      | Reported   | On Hand   |
|------|-----------|-----------|
| 1962 | $ 12,000  | $128,436  |
| 1963 | 37,000    | 255,741   |
| 1964 | 46,000    | 412,468   |
| 1965 | 43,000    | 465,714   |
| 1966 | 41,000    | 256,358   |
| 1967 | 122,000   | 411,109   |

sessment" is the year that omitted property is added to the assessment roll the plaintiff cites 29 Op Att'y Gen 25 (1958-60). The opinion was concerned with omitted property added to the assessment rolls after it was purchased by a bona fide purchaser. The opinion did not involve ORS 308.250 and is not applicable to the instant case.

■ The plaintiff failed to report the volume and true cash value of its inventory as of January 1 of each year. It failed to file the documentary proof necessary for a cancellation during any of the years 1962 through 1967. Plaintiff was not entitled to wait until 1968 and then claim the cancellation for 1962 through 1967. If the "year of assessment" is 1968 then plaintiff could conceivably accumulate inventory for several years, ship all or part of it before May 1, 1968, and claim the tax relief for all the years. Moreover, such action could raise a serious question as to the proper millage rates to be applied to the value of the inventory—the millage rate in effect in 1968 or the rate in effect during the years involved.

The omitted property was correctly added to the rolls and plaintiff is not entitled to a cancellation of assessment under ORS 308.250 for any of the years 1962 through 1967.

The order of the Department of Revenue is affirmed.