## KOLSTAD CANNERIES, INC. *v.* DEPART- MENT OF REVENUE

Stephen B. Hill, Mautz, Souther, Spaulding, Kinsey & Williamson, Attorneys at Law, Portland, filed a brief for plaintiff.

Gerald F. Bartz, Assistant Attorney General, Department of Revenue, Salem, filed a brief for defendant.

Decision for plaintiff rendered December 30, 1969.

EDWARD H. HOWELL, Judge.

This is a companion case to *Kolstad Canneries, Inc. v. Department of Revenue,* 4 OTR 34 (1969). The facts are generally similar but there are certain important differences.

In addition to operating the cannery at Silverton the plaintiff during 1966 and 1967 also operated a cannery for processing fruit and vegetables at Dallas in Polk County, Oregon. The plaintiff filed its personal property tax return for 1966 and 1967 with the Polk County assessor and reported the value, but not

the volume, of its inventory as of January 1 for each year.

Unlike the other case the plaintiff filed the necessary documentary proof of shipment each year as required by ORS 308.250 to obtain the cancellation of assessment. The plaintiff did not report the volume but it did report the value of the goods shipped. The value reported was the same amount as plaintiff reported on its personal property tax return. The effect of the information submitted was that all property on hand as of January 1 had been shipped by May 1.

After receiving plaintiff's affidavits the Polk County Assessor cancelled the assessment for each year.

On April 9, 1968, the Polk County Assessor, pursuant to ORS 311.209, gave notice to plaintiff to show cause why the value of plaintiff's inventory should not be increased.

Subsequent to receiving the assessor's notice to show cause the plaintiffs submitted a document entitled "Classification and Amendment of Documentary Proof Furnished Pursuant to ORS 308.250(2)." The document stated that plaintiff intended in the affidavit for cancellation of assessment to report that all of the inventory on hand on January 1 had been shipped before May 1, leaving no inventory subject to taxation.

The Polk County Assessor refused to change the increased value of the inventories for each year and entered the omitted property assessment.

When the assessor increased the value of plaintiff's inventory as of January 1, 1966, and January 1, 1967, and added the increase as omitted property, he was not entitled to ignore the value of the inventory

that had been shipped and which was entitled to the cancellation of assessment. Although the plaintiff was in error in reporting in the affidavits that all the inventory had been shipped and was entitled to the cancellation, still the plaintiff was entitled to a cancellation for the value of those goods that had actually been shipped by May 1. The plaintiff should not be penalized in this case because it reported only the value and not the volume of the goods shipped in the belief that all the inventory was entitled to the cancellation of assessment.

■ The assessor was not entitled to merely increase the value of all the inventory as of January 1 of each year without allowing plaintiff credit for a corresponding increase in value for those goods actually shipped.

The assessor increased the value of plaintiff's January 1, 1966, inventory to $348,834, and to $212,480 for January 1, 1967. The parties stipulated that the inventory remaining on May 1, 1966, was valued at $147,374 and $122,918 for May 1, 1967.

The plaintiff is entitled to a cancellation of assessment for $201,460 for 1966 and $89,562 for 1967. These amounts represent the difference between the January 1 and the May 1 inventory values for each year.

The order of the Department of Revenue is set aside.